COFFMAN *v.* HUBER.

[Cite as Coffman v. Huber, 13 Ohio Misc. 126.]

(No. CV 2318—Decided March 17, 1965.)

Municipal Court of Vandalia, Ohio.

*Mr. Jeffrey Shulman,* for plaintiffs.
*Mr. Michael Long,* for defendants.

BRENTON, J.   This cause is before the court upon the pleadings, the testimony, the exhibits and arguments of counsel.

The claim of the plaintiffs upon their first cause of action is for rent founded upon a written lease executed by the parties.   The terms of the lease for the use and occupancy of the premises of plaintiffs was for two years with an option for one more year.   Prior to the execution of said lease plaintiffs operated a small neighborhood grocery and market from said premises and the evidence is clear that the defendants entered into the lease agreement for the sole purpose of trying their hand at operating the business.   After ten months, the defendants having had enough, sublet the premises including the business to one Lynch by a written instrument for a period of two years and two months, at the same rental as between the parties to this cause.   On this latter instrument the plaintiffs consented in writing to the subletting, specifically reserving all obligations as against defendants as contained in the original lease with some exceptions which are not involved in this controversy. Lynch operated the store until sometime in August, 1963, at which time having had enough advised defendants he was quitting and moving out which he did.   The evidence shows that plaintiffs were notified two months before that Lynch was getting out.   Before Lynch left defendants prevailed upon plaintiffs to take store or reduce the rent.   The premises remained vacant until June 1964, when plaintiffs reopened the store for business upon their own account, one of the plaintiffs having been ill during the vacancy and there is some evidence that meager attempts were made to obtain a tenant.   Rent was paid to plaintiffs for twenty-three months.   Now plaintiffs claim rent for an additional thirteen months.

It is the contention of the plaintiffs that the act of the defendants in subletting the premises beyond the term of the lease is tantamount to exercising the option to renew for one more year.

This court has painstakingly searched the authorities and has been unable to find a precedent for such contention.

It does appear to be the law that the right of a subtenant to enjoy the property does not include the right of exercising an option given by the first lessor to his lessee, and a subtenant has no right of action against the original lessor for a renewal, for there is no contract between him and the original lessor and no legal tie which he can invoke, however, it would appear that if in fact defendants had exercised their option and upon attempt of defendants to withdraw, the sublessee may have specific performance of the option against lessor and for additional year against the original lessee.

Usually renewal conditions in leases are in favor of the landlord. The lease in this case has a significant feature inasmuch as the option for one more year is conditioned "depending on business outlook," that is, the defendants, the lessees, made it emphatic that they did not want to be burdened with the premises beyond two years unless business conditions at the time warranted an additional year.

The rule that a contract may be read in the light of the circumstances characterizing its making, for the purpose of clearing up ambiguities, may in this court's judgment prevail for the purpose of ascertaining the intent of the parties with respect to the option for one more year.

It should be further observed that it is to his sublessor, the original lessee, that the subtenant must ordinarily address himself in asserting his rights. Thus in this case had there been a failure by the defendants to exercise the option to the damage of Lynch, Lynch would have an action on the sublease against the defendants.

It may also be observed that had Lynch remained beyond the two-year term without either of the parties taking any affirmative action this would be tantamount to defendants holding over the original term and the same would

constitute or be evidence of an election on the part of the defendants to take up the option.

It must be further observed that the plaintiffs had no contractual relationship with Lynch, the sublessee. The mere fact that plaintiffs consented to the sublease gave them no rights as against Lynch. It would also appear that the same afforded no additional rights against the defendants. The rights and duties of the parties must be predicated upon the terms and conditions of the original lease dated September 28, 1961. In said lease plaintiffs granted unto defendants an option of one more year with no conditions attached respecting any rights of the plaintiffs. No notice to the landlord was required in order to perpetuate the lease for one more year. The fact that Lynch was bound to the defendants for the additional year by reason of the sublease does not determine the issue between these parties. Furthermore, it would appear that the defendants may have contracted with Lynch for a period of time even beyond the expiration of the option and had the same been done, plaintiffs would be entitled to evict Lynch if he remained and defendants would be liable to Lynch for failure to renew the lease for the benefit of Lynch. Upon the facts in this case Lynch's rights against defendants do not determine the issues between the parties.

The sole question to be determined is: "does the fact that defendants sublet for a term including the period of time that could be covered by the option the same being done fourteen (14) months prior to the expiration of the original term of the lease constitute such an affirmative act on the part of the defendants that the same is tantamount to making an election to take up the option for one more year or that same was notice to plaintiffs that such was a fact?" In answering this question the court is compelled to give to the words in the lease to wit: "depending on business outlook" the interpretation that ordinary businessmen in the same circumstances would place upon the same. There can be no doubt as to their meaning and there is no doubt as to their meaning to the parties. If business outlook at the end of the first two years of the lease was bad then defendants certainly would not take up the option. This is exactly

the situation in this cause and the plaintiffs were so notified and the tenants vacated even before the end of the two-year term.

In conclusion then the court finds that where a lessee under a lease for two years with an option for one more year depending on business outlook sublets at the end of ten months for two years and two months with the consent of the lessor is not, without more, such an affirmative act upon the part of lessee evidencing an exercise of such option.

Upon the facts herein and the foregoing rule of law plaintiffs may only recover the sum of one hundred thirty-five ($135.00) dollars from the defendants on their first cause of action.

Plaintiffs' second cause of action is for damages to store fixtures, the premises and for water and sanitation. It is difficult for the court to find when these items of special damage arose. Defendants vacated the premises one month before the expiration of the two-year term and thereafter plaintiffs had possession of the same. The lease between the parties has no express stipulations with respect to the condition of the premises at the termination of the tenancy. It would appear then that the tenants, the defendants, are under an implied duty to return the premises in substantially as good condition as when received, reasonable wear and tear excepted.

One of the items of special damage is based on the replacement of a water heater. The court cannot speculate as to the probabilities. There is no evidence as to its age or condition or what caused the damage except an indication that it may have been from freezing.

Without going into detail on the other items of special damage the court is satisfied that the evidence is lacking and finds that the plaintiffs have failed to prove by a preponderance of the evidence that the defendants are liable for any of such items and therefore holds that plaintiffs may not recover from the defendants on their second cause of action.

*Judgment accordingly.*