208

THE STATE, EX REL. CARPENTER, APPELLANT, *v.* WARREN
MUNICIPAL COURT ET AL., APPELLEES.

[Cite as State, ex rel. Carpenter, v. Court (1980),
61 Ohio St. 2d 208.]

(No. 79-969—Decided February 13, 1980.)

*Mr. Roy A. Mimna,* for appellant.

*Mr. William P. McLain,* law director, and *Mr. James R. Ries,* for appellees.

*Per Curiam.* This court, in *Haas* v. *Gerski* (1963), 175 Ohio St. 327, has dealt with the subject matter jurisdiction of Municipal Courts in actions sounding in forcible entry and detainer when title to such property is drawn into question in a collateral action in a common pleas court.

In that case, this court, at page 329, first considered the jurisdiction of a Municipal Court to hear and determine forcible entry and detainer actions:

" * * * The subject-matter jurisdiction of Municipal Courts is set forth in Section 1901.18, Revised Code. Subdivision A of this section confers jurisdiction in 'any civil action, of whatever nature or remedy, wherein judges of County Courts have jurisdiction.' Thereafter, subdivisions B through H carefully define the civil jurisdiction of Municipal Courts. Subdivision H specifically confers jurisdiction in 'any action of forcible entry and detainer.'

"The cause of action for forcible entry and detainer is created by Chapter 1923, Revised Code. Under this chapter, jurisdiction over such actions is conferred on the County Courts. County Courts jurisdiction is defined by Chapter 1909, Revised Code, and in Section 1909.10 in this chapter it is provided that County Court judges *do not* have jurisdiction over any action 'For the recovery of title to real estate, or in an action in which such title may be drawn in question.' No such limitation is expressly stated in Section 1901.18, Revised Code. * * *

"In view of the broad grant of jurisdiction to Municipal Courts to hear and determine 'any action' in forcible entry and detainer, the only reasonably inferred purpose of Section 1901.18(A) is to confer upon Municipal Courts that jurisdiction possessed by County Courts in all civil actions not specifically enumerated and not to incorporate by reference into the Municipal County Act the statutes relating to County Court jurisdiction."

The court next considered whether the fact that an action to quiet title to the premises is pending in a common pleas court prevented a Municipal Court from proceeding to judgment in the forcible entry and detainer action: " * * * *Since the forcible entry and detainer action relates only to present possession and not title, the fact that another action is pen-*

*ding relating to the issue of title does not constitute a bar to the action in forcible detainer. William Weisman Holding Co.* v. *Miller* (1922), 152 Minn., 330, 188 N. W., 732; *Lyons* v. *Lyons* (1939), 185 Okla., 70, 90 P. (2d), 391; and *Merki* v. *Merki* (1904), 212 Ill., 121, 72 N. E., 9.

"*In the case at bar, appellee held the title to the property by duly recorded deed. * * * For the purpose of the forcible entry and detainer action, this was conclusive of his rights to present possession* after having given the required notice to vacate the premises. Were appellee not permitted to prove his right to possession by proving his record title, the forcible entry and detainer statute would have little meaning. *Brown* v. *Burdick* (1874), 25 Ohio St. 260; 24 Ohio Jurisprudence (2d), 458, Forcible Entry and Detainer, Section 5." (Emphasis added.) *Haas, supra,* at pages 330-331.

To allow the Municipal Court the discretion to stay proceedings in this cause would be to defeat the purpose of the forcible entry and detainer statutes (*i.e.,* immediate possession), to permit their circumvention by merely bringing title into question in a collateral suit in common pleas court, and to deny through successive appeals the relief they were intended to provide.

Accordingly, the judgment of the Court of Appeals is reversed and the writ prayed for is allowed.

*Judgment reversed and*
*writ allowed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.