THE STATE, EX REL. J.K. & E. AUTO WRECKING ET AL.,
APPELLEES, *v.* TRUMBO, JUDGE, APPELLANT.

[Cite as *State, ex rel. J.K. & E. Auto Wrecking, v. Trumbo* (1992), 64 Ohio St.3d 73.]

(No. 91–1599—Submitted April 7, 1992—Decided June 17, 1992.)

74

*Donald Weisberger,* for appellees.

*Danny R. Williams,* Director of Law, and *Pamela A. Walker,* for appellant.

*Per Curiam.* Appellant Judge Trumbo argues that the housing division's jurisdiction does not extend over the underlying action herein because it involves a trespass. United, on the other hand, contends that the statutes provide the housing division with jurisdiction over the underlying action and that Judge Trumbo should be prevented from proceeding.

R.C. 1901.011 creates a housing division in the Cleveland and Toledo Municipal Courts. R.C. 1901.181(A) grants the housing division " * * * exclusive jurisdiction * * * in any civil action commenced pursuant to Chapter 1923. * * *."

R.C. 1923.01(A) empowers a judge to inquire about " * * * persons who make unlawful and forcible entry into lands or tenements and detain them * * * " and to restore the property to the party complaining. R.C. 1923.081 permits a forcible entry and detainer action to " * * * include a trial on claims of the plaintiff for past due rent and other damages under a rental agreement * * *[.]"

Finally, former R.C. 1901.131 stated:

"Whenever an action or proceeding is properly brought in the housing division of a municipal court, the housing division has jurisdiction to determine, preserve, and enforce all rights involved in the action or proceeding, to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties, including, but not limited to, the granting of temporary restraining orders and temporary and permanent injunctions, to render personal judgment irrespective of amount in favor of any party, and to render any judgments and make any findings and orders in the same manner and to the same extent that the court of common pleas

can render judgment or make a finding or order in a like action or proceeding."

Thus, under R.C. 1901.181(A), former 1901.131, and 1923.081, a municipal court's housing division has exclusive jurisdiction over forcible entry and detainer actions, wherein a plaintiff may include damage claims arising from a lease transaction, and the housing division has full power to render a complete determination of the rights of the parties. Consequently, the Cleveland Municipal Court, Housing Division, has exclusive jurisdiction over the dispute between the parties and the claims arising from it. Therefore, Judge Trumbo is patently and unambiguously without jurisdiction in the underlying action. *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 562 N.E.2d 125, syllabus.

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.