City of CLEVELAND, Appellee,

v.

A.J. ROSE MANUFACTURING COMPANY et al., Appellants.

[Cite as *Cleveland v. A.J. Rose Mfg. Co.* (1993), 89 Ohio App.3d 267.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 63274, 63275.

Decided Aug. 9, 1993.

268

*Joseph Jerse,* Assistant Cleveland Law Director, for appellee.

*John E. Martindale* and *Margaret Mary Meko,* for appellants.

Ann McManamon, Judge.

Defendants, A.J. Rose Manufacturing Co. et al. and North Coast Aviation et al., appeal from an order of the Cleveland Municipal Court, Housing Division, which granted the plaintiff, city of Cleveland, judgment on the pleadings pursuant to Civ.R. 12(C) in an action for recovery of real property. During the pendency of the action, the trial court denied the defendants' motion to certify the cause to common pleas court as well as their motion to dismiss the consolidated actions. On appeal, the defendants challenge the court's judgment on these motions. A review of the record compels affirmance.

This cause stems from a lease agreement between the city of Cleveland ("Cleveland") and Sundorph Aeronautical Corporation ("Sundorph"), wherein Cleveland leased to Sundorph certain premises at Cleveland Hopkins International Airport ("Hangar Base Premises"). The original lease was entered into on May 28, 1975. An amendment to the lease in 1983 extended it until February 28, 2012.

It is undisputed that North Coast Aviation, Inc., Air Ohio Corporation, A.J. Rose Manufacturing, Standby Screw Machine Products, and Ace Air Cargo, Inc. ("the occupants") entered into sublease relationships with Sundorph, whereby each company occupied a portion of the Hangar Base Premises from which it operated its respective business and/or maintained its aircraft.

Cleveland terminated Sundorph's lease for nonpayment of rent on December 2, 1988. On March 16, 1989, Cleveland filed a forcible entry and detainer action in the Cleveland Municipal Court, Housing Division, against Sundorph. Consequently, on March 27, 1990, the Cleveland Municipal Court, Housing Division, issued an order evicting Sundorph from the Hangar Base Premises. Upon appeal the writ of eviction was upheld in *Cleveland v. Sundorph Aeronautical Corp.* (Mar. 14, 1991), Cuyahoga App. No. 59739, unreported, 1991 WL 34719. The occupants were never parties to the Sundorph eviction action.

Cleveland asserts in its brief that at the time Sundorph executed both the original lease and amendment, its president was John L. Delassus. In September 1987, Delassus resigned as president of Sundorph. Afterwards he formed two corporations known as North Coast Aviation, Inc. ("North Coast") and Air Ohio Corporation ("Air Ohio"), two of the occupants who bring this appeal. On or about May 1, 1988, Sundorph sold all of its hard assets and business operations to North Coast and Air Ohio, and granted each company a sublease. Sundorph then terminated payment of any and all of its obligations under its lease with Cleveland.

Occupants A.J. Rose Manufacturing, Inc. ("A.J. Rose") and Standby Screw Machine Products Company ("Standby Screw") never had a written sublease with Sundorph. The fifth occupant, Ace Air Cargo, Inc., claims legal rights against Cleveland based on a one-page document unexecuted by Sundorph and entered into over a year after Sundorph's lease was terminated by Cleveland.

After Sundorph's eviction, Cleveland requested the occupants of the Hangar Base Premises to vacate. On July 16, 1990, Cleveland granted them an extension to August 9, 1990.

Three days before this deadline, on August 6, 1990, the occupants filed a verified complaint and a motion for temporary restraining order in the Cuyahoga County Court of Common Pleas, case No. 194670. In this suit the occupants

sought preliminary and permanent injunctions to restrain Cleveland from commencing eviction proceedings against them. The common pleas court denied the occupants' motion for a temporary restraining order.

On August 17, 1990, Cleveland filed two complaints for recovery of real property against the occupants in the municipal court. One was directed against North Coast and Air Ohio, the other against A.J. Rose, Standby Screw, and Ace Air Cargo. Each complaint prayed that the court " * * * eject defendants from the use, control and possession of the subject property * * *."

On September 12, 1990, nearly a month after the city filed its recovery of real property action in municipal court, Judge Lillian Greene stayed the case before her, case No. 194670, pending disposition of Sundorph's appeal of its eviction, which, as we have noted, was ultimately affirmed by this court.

On September 21, 1990, the occupants filed an answer and various counterclaims in the pending municipal court action. They also moved the municipal court to certify the cause to common pleas court based on lack of jurisdiction, both monetary and as to the subject matter of the counterclaims. The occupants further moved the municipal court to dismiss the complaints on the basis that the common pleas court had prior jurisdiction.

Meanwhile, on October 11, 1990, Cleveland moved under Civ.R. 12(C) for judgment on the pleadings in the municipal court, contending that its right to an order of ejectment was established on the face of the pleadings and that the occupants' counterclaims failed to state a claim upon which relief could be granted.

The municipal court ultimately granted Cleveland's motion for judgment on the pleadings and denied the occupants' motions to certify or dismiss. This appeal followed. No stay of execution has been granted in the cause.

On October 3, 1991, this court dismissed the occupants' first appeal for lack of a final appealable order. On February 18, 1992, appellants filed the present appeal from a revised order by the municipal court specifying that there was no just reason for delay.

We note that the occupants have been ejected from the Hangar Base Premises by reason of the order of the Cleveland Municipal Court, Housing Division, and that, while the occupants continue to allege subtenancy rights, our review indicates that such rights, if any, were extinguished when the Sundorph eviction was affirmed.

In this timely appeal, the occupants raise three assignments of error challenging the court's judgment on the pleadings, its refusal to certify and the denial of their motion to dismiss the consolidated actions.[1]

---

1. See Appendix.

In their first assignment of error, the occupants argue that the municipal court improperly granted Cleveland's motion for judgment on the pleadings because genuine issues of material fact exist on their face. We disagree.

Our scope of review must be conducted within the framework of a Civ.R. 12(C) analysis. The pleadings must be liberally construed and in a light most favorable to the party against whom the motion is made along with reasonable inferences drawn therefrom. In ruling on a motion for judgment on the pleadings, the trial court may only consider statements contained in the pleadings, and may not consider extraneous evidentiary material. Judgment may be granted only when no material factual issues exist.

The occupants allege they raised genuine issues of fact in their answer and counterclaims. They first assert that they were entitled to the Hangar Base Premises as holdover tenants from year to year. They further posit that Cleveland's ejectment action is barred, by reason of estoppel and waiver, and that Cleveland's claim should have been raised as a compulsory counterclaim in the common pleas case, since that complaint was filed before the municipal court action. The occupants also raise violations of federal law, *i.e.,* Section 1349(a), Title 49 App., U.S.Code, and Section 1983, Title 42, U.S.Code, and claims for declaratory judgment, breach of good faith and fair dealing, fraudulent concealment and tortious interference with contractual relationships.

We first note that the occupants and Sundorph never executed a sublease agreement pursuant to the requirements of the lease between Cleveland and Sundorph. Under Article 20 of the lease agreement, entitled "covenants against transfer of interest," Sundorph was required to obtain prior authorization from Cleveland before subletting the Hangar Base Premises. Further, the record is devoid of any written agreement between Sundorph and these occupants. Since the occupants' arguments are based on their purported subtenancy, the arguments must fail as a matter of landlord-tenant law.

Ohio courts have uniformly held that there is no privity of contract between the original lessor and a subtenant, and, as a consequence, the lessor may not sue the subtenant for breach of a covenant contained in the original lease. *Crowe v. Riley* (1900), 63 Ohio St. 1, 9, 57 N.E. 956, 956. Similarly, it has been held that a subtenant cannot maintain an action against the lessor on the original lease. *Coffman v. Huber* (1965), 13 Ohio Misc. 126, 128, 42 O.O.2d 169, 169, 232 N.E.2d 676, 677.

It is also well settled that a subtenant's right to possession terminates when the rights of the original lessee (or its assignee) terminate. *Liberal S. & L. Co. v. Frankel Realty Co.* (1940), 137 Ohio St. 489, 19 O.O. 170, 30 N.E.2d 1012;

*Chapman v. Knickerbocker Amusement Co.* (1949), 85 Ohio App. 215, 84 N.E.2d 283.

" * * * In *Chapman* the Court of Appeals stated:

" ' * * * Where a landlord re-enters on breach of a condition a sublessee's rights are no greater than those of the lessee, and the cancellation of the lease by its own terms as to one, cancels it as to all. * * *

" ' " * * *

" ' "The subtenant's rights are measured by those of his immediate landlord, the original tenant, and while they cannot be cut down by some new dealings between the principal lessor and lessee, yet where the principal lease comes to an end by an act done within its very terms, the subtenant's right of possession falls with it, for 'the cancellation of the lease, by its own terms, as to one cancels it as to both.' " ' * * * " *Hooper v. Seventh Urban, Inc.* (1980), 70 Ohio App.2d 101, 109, 24 O.O.3d 126, 131, 434 N.E.2d 1367, 1373.

Hence, when the municipal court terminated Sundorph's lease on March 27, 1990, any rights the occupants might have had as alleged sublessees of Sundorph, also ended. The occupants' right of redress, if any, can only be against the original tenant. *Coffman, supra.*

It must be noted that a tenant who "holds over" is a tenant at sufferance and the landlord may elect to treat him as a trespasser or hold him to a new term. *Craig Wrecking Co. v. S.G. Loewendick & Sons, Inc.* (1987), 38 Ohio App.3d 79, 81, 526 N.E.2d 321, 323.

Clearly, the pleadings demonstrate that the landlord is treating the occupants as trespassers: no rent has been accepted and no new tenancy created. Pursuant to the dictates of landlord-tenant law, the occupants were clearly without right to possession of the Hangar Base Premises. Cleveland, as owner-lessor of the Hangar Base Premises, had evicted Sundorph, its lessee. Thus, the rights of the occupants as purported sublessees were terminated with Sundorph's termination and their claim of holdover tenancy is misplaced.

The estoppel claim made by the occupants is based upon the city's claimed invitation to occupants to submit a lease proposal. It is well established that estoppel is not applicable to statute of fraud cases, to wit, those involving real estate transactions. *Manifold v. Schuster* (1990), 67 Ohio App.3d 251, 586 N.E.2d 1142. R.C. 1335.04 and 1335.05. The first assignment of error is overruled.

In their second assignment of error, the occupants posit that, because their counterclaims exceed $10,000, the Cleveland Municipal Court was without jurisdiction to hear them.

R.C. 1901.011 creates a housing division in the Cleveland Municipal Court. R.C. 1901.181(A) grants the housing division "exclusive jurisdiction * * * in any civil action commenced pursuant to Chapter 1923. * * *"

R.C. 1923.01(A) empowers a judge to inquire about persons who make unlawful and forcible entry into lands or tenements and detain them and to restore the property to the party complaining.

"Finally, former R.C. 1901.131 stated:

" 'Whenever an action or proceeding is properly brought in the housing division of a municipal court, the housing division has jurisdiction to determine, preserve, and enforce all rights involved in the action or proceeding, to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties, including, but not limited to, the granting of temporary restraining orders and temporary and permanent injunctions, to render personal judgment irrespective of amount in favor of any party, and to render any judgments and make any findings and orders in the same manner and to the same extent that the court of common pleas can render judgment or make a finding or order in a like action or proceeding.'

"Thus, under R.C. 1901.181(A), former 1901.131, and 1923.081, a municipal court's housing division has exclusive jurisdiction over forcible entry and detainer actions, wherein a plaintiff may include damage claims arising from a lease transaction, and the housing division has full power to render a complete determination of the rights of the parties. * * *" *State ex rel. J.K. & E. Auto Wrecking v. Trumbo* (1992), 64 Ohio St.3d 73, 75–76, 591 N.E.2d 1238, 1239–1240.

Further, we have held in *Cleveland v. Sundorph Aeronautical Corp., supra,* that when a counterclaim exceeds $10,000, the Cleveland Municipal Court, Housing Division, is not divested of jurisdiction. *Id.* at 3–4. Therefore, the Cleveland Municipal Court, Housing Division, had exclusive jurisdiction over the dispute between the parties and the monetary demands arising from it. The occupants' claims as to monetary jurisdiction fail.

 The occupants also assert that the causes of action in their counterclaims deprived the municipal court of jurisdiction so as to mandate its certification of those causes to the court of common pleas. Patently, the federal law claims set out in the occupants' counterclaims cannot be heard by the municipal court since it is devoid of subject matter jurisdiction over them. There is no authority for maintaining a 1983 action or an aviation case, as proposed, in the municipal courts because they are not courts of general jurisdiction. *Cf. Schwarz v. Bd. of Trustees of Ohio State Univ.* (1987), 31 Ohio St.3d 267, 272, 31 OBR 493, 497, 510 N.E.2d 808, 812. The parties cannot waive the issue of the court's subject matter jurisdiction, and, when the court lacks this jurisdiction, it is without authority to

certify the matter to the court of common pleas. *Lin v. Reid* (1983), 11 Ohio App.3d 232, 236, 11 OBR 356, 360, 464 N.E.2d 189, 193. The court should have dismissed the counterclaims setting forth these causes of action. *Id.*

The occupants' nonfederal counterclaims are likewise insufficient to require the municipal court to certify. The declaratory judgment cause of action should also have been dismissed for want of jurisdiction, and not certified. See *Wells v. Cunningham* (1990), 56 Ohio Misc.2d 9, 564 N.E.2d 758.

■ The remaining nonfederal claims are patently defective and subject to dismissal, since there is no demonstrated contract between the parties and defendants' right to remain on the premises ceased when Sundorph was evicted.

We will review the occupants' allegations concerning "compulsory" counterclaims in our analysis of the third assignment of error. The second assignment of error otherwise fails.

■ The third assignment of error urges that we find the municipal court improperly denied dismissal of the consolidated actions because the common pleas court first acquired jurisdiction of the subject matter.

It is accurate, as occupants argue, that common pleas courts and municipal courts have concurrent jurisdiction over forcible entry and detainer actions. *Seventh Urban, Inc. v. Univ. Circle Property Dev.* (1981), 67 Ohio St.2d 19, 21 O.O.3d 12, 423 N.E.2d 1070, syllabus. The Supreme Court, however, previously examined the circumvention of forcible entry actions, *i.e.*, suits for the immediate possession of real property, by means of collateral suits which bring title into question in other courts, in *State ex rel. Carpenter v. Warren Mun. Court* (1980), 61 Ohio St.2d 208, 15 O.O.3d 225, 400 N.E.2d 391. The *Carpenter* court held that to permit the municipal court to stay such proceedings pending action in another court would defeat the purpose of the forcible entry and detainer statutes and would "deny through successive appeals the relief they were intended to provide." *Id.*, 61 Ohio St.2d at 210, 15 O.O.3d at 227, 400 N.E.2d at 393.

The *Carpenter* relator filed a complaint in forcible entry and detainer in the Warren Municipal Court, seeking to gain possession of certain real property. In the following month, the defendant filed a motion to dismiss the complaint or, in the alternative, to stay proceedings in the municipal court pending the outcome of a previously filed action in the court of common pleas. The municipal court ordered the action to be stayed pending determination of the action in the common pleas court as to title. Relator then sought a writ of procedendo from the court of appeals, directing the municipal court to proceed to judgment in the forcible entry and detainer action. The appellate court denied the writ. On appeal to the Supreme Court, however, the judgment of the court of appeals was reversed and the writ allowed.

The Supreme Court noted:

" * * * ' * * * Since the forcible entry and detainer action relates only to present possession and not title, the fact that another action is pending relating to the issue of title does not constitute a bar to the action in forcible detainer. * * * ' " (Emphasis deleted.) *Carpenter*, 61 Ohio St.2d at 209–210, 15 O.O.3d at 226, 400 N.E.2d at 393, quoting from *Haas v. Gerski* (1963), 175 Ohio St. 327, 330, 25 O.O.2d 212, 213, 194 N.E.2d 765, 767.

In *Haas*, plaintiff's prayer for a writ of restitution (possession) for the premises was granted. The court held in paragraph two of the syllabus that "[t]he pendency of an action to quiet title to realty in a Court of Common Pleas is not a bar to a forcible entry and detainer action in a Municipal Court."

We recognize that occupants' complaint in common pleas court sought to enjoin Cleveland from bringing an ejectment action. The dispositive issue to be extrapolated from *Carpenter* and *Haas* is that occupants' injunction action in common pleas court cannot work to stay the proceedings in municipal court so as to obviate the purpose of the eviction statutes.

In examining Civ.R. 13(A), which provides for "compulsory" counterclaims, as well as the decisions in *Carpenter* and *Haas*, we must note the underlying thrust of the rule, which is to provide the orderly delineation of *res judicata*. It is undisputed that the common pleas court has chosen to stay its proceedings. Though this stayed suit was first in time, the real dispute, which was the immediate recovery of possession of real property, was properly in the municipal court. The opinion in *Carpenter* instructs that the "first in time" rule would be inequitable and inappropriate in a recovery of real property case. A counterclaim, therefore, in the common pleas court was not compulsory. See 6 Wright, Miller & Kane, Federal Practice & Procedure (2 Ed.1990), Section 1418. These jurisdictional arguments fail.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Dyke, C.J., and John F. Corrigan, J., concur.

Ann McManamon, J., retired, of the Eighth Appellate District, sitting by assignment.

## APPENDIX

Appellants' assignments of error are:

"I. The trial court erred in granting plaintiff-appellee's motion for judgment on the pleadings because multiple issues of fact and law are obvious on the face of the pleadings filed.

"II. The trial court erred in denying defendants-appellants' motion to certify case to common pleas court as several of the counterclaims filed by defendants-appellants exceeded the jurisdictional limits of the municipal court because they were based on causes of action and demanded relief over which the municipal court has no jurisdiction whatsoever.

"III. The trial court erred in denying defendants-appellants' motion to dismiss consolidated actions as jurisdiction over the subject matter thereof had already been established exclusively in the Cuyahoga County Court of Common Pleas."