THE STATE EX REL. WEISS *v.* HOOVER, JUDGE, ET AL.

[Cite as *State ex rel. Weiss v. Hoover* (1999), 84 Ohio St.3d 530.]

(No. 98–2450—Submitted January 12, 1999—Decided March 3, 1999.)

*Michael D. Baker*, for relator.

***Per Curiam.*** Pursuant to S.Ct.Prac.R. X(5), we must determine whether dismissal, an alternative writ, or a peremptory writ is appropriate. Under the applicable standard, if it appears beyond doubt that relator is entitled to the requested extraordinary relief, a peremptory writ should issue. *State ex rel. Dist. 1199, Health Care & Soc. Serv. Union, SEIU, AFL–CIO v. Lawrence Cty. Gen. Hosp.* (1998), 83 Ohio St.3d 351, 353, 699 N.E.2d 1281, 1282.

Weiss claims that he is entitled to a writ of procedendo. In order to be entitled to a writ of procedendo, Weiss must establish a clear legal right to require

respondents to proceed, a clear legal duty on the part of respondents to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 462, 650 N.E.2d 899, 900. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Miley v. Parrott* (1996), 77 Ohio St.3d 64, 65, 671 N.E.2d 24, 26. For example, a writ of procedendo will issue requiring a judge to proceed to final judgment if the judge erroneously stayed the proceeding based on a pending case that has no effect on the court's jurisdiction to proceed. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna* (1995), 73 Ohio St.3d 180, 184, 652 N.E.2d 742, 745. For the following reasons, Weiss is entitled to a peremptory writ.

First, Judge Hoover and the municipal court erroneously stayed Weiss's forcible entry and detainer action. "To allow the Municipal Court the discretion to stay proceedings in this cause would be to defeat the purpose of the forcible entry and detainer statutes (*i.e.*, immediate possession), to permit their circumvention by merely bringing title into question in a collateral suit in common pleas court, and to deny through successive appeals the relief they were intended to provide." *State ex rel. Carpenter v. Warren Mun. Court* (1980), 61 Ohio St.2d 208, 210, 15 O.O.3d 225, 227, 400 N.E.2d 391, 393. In *Carpenter*, we granted a writ of procedendo ordering a municipal court to proceed in a forcible entry and detainer action that it had stayed pending the outcome of a previously filed common pleas court action involving the same parties and raising an issue concerning title to the same property. Respondents similarly had a duty to proceed on Weiss's forcible entry and detainer claim here.

Second, the jurisdictional priority rule does not justify respondents' decision to stay the forcible entry and detainer claim pending resolution of Busch's declaratory judgment action in common pleas court. If a subsequently filed case does not involve the same cause of action, the first suit will not normally prevent the subsequent case. *State ex rel. Red Head Brass, Inc. v. Holmes Cty. Court of Common Pleas* (1997), 80 Ohio St.3d 149, 151, 684 N.E.2d 1234, 1236. The forcible entry and detainer claim is not the same cause of action as the declaratory judgment claim.

More specifically, we have held that " '[s]ince the forcible entry and detainer action relates only to present possession and not title, the fact that another action is pending relating to the issue of title does not constitute a bar to the action in forcible [entry and] detainer.' " *Carpenter*, 61 Ohio St.2d at 209–210, 15 O.O.3d at 226, 400 N.E.2d at 393, quoting *Haas v. Gerski* (1963), 175 Ohio St. 327, 330, 25 O.O.2d 212, 214, 194 N.E.2d 765, 767. Application of the jurisdictional priority rule to bar a forcible entry and detainer action from proceeding based on a

previously filed collateral proceeding bringing title to the same property into question is "inequitable and inappropriate in a recovery of real property case." *Cleveland v. A.J. Rose Mfg. Co.* (1993), 89 Ohio App.3d 267, 275, 624 N.E.2d 245, 250.

Based on the foregoing, Weiss is entitled to the requested writ. *Carpenter.* Weiss has a clear legal right to have his forcible entry and detainer action proceed, and respondents have a corresponding clear legal duty to proceed. Weiss lacks an adequate remedy in the ordinary course of law. No alternate remedy will further the purpose behind forcible entry and detainer, which is to provide a summary, extraordinary, and speedy method for the recovery of possession of real estate. See *State ex rel. GMS Mgt. Co., Inc. v. Callahan* (1989), 45 Ohio St.3d 51, 55, 543 N.E.2d 483, 487. And no further evidence or argument is required for us to resolve this case. See *State ex rel. Bowman v. Columbiana Cty. Bd. of Commrs.* (1997), 77 Ohio St.3d 398, 401, 674 N.E.2d 694, 696. Accordingly, we grant Weiss a peremptory writ of procedendo to compel respondents to proceed with the forcible entry and detainer action.

*Writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.