THE STATE EX REL. BRADY, APPELLANT, *v.* PIANKA, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Brady v. Pianka,*
106 Ohio St.3d 147, 2005-Ohio-4105.]

(No. 2005–0448—Submitted July 26, 2005—Decided August 31, 2005.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of prohibition. The writ was sought to prevent a municipal court judge and magistrate from proceeding in a forcible-entry-and-detainer case.

{¶ 2} In January 2002, the Cuyahoga County Probate Court appointed John McCaffrey as guardian of the estate of Nora Brady, the mother of appellant, attorney Catherine M. Brady ("Brady"). At the time, Brady lived in a home owned by her mother.

{¶ 3} In May 2004, Brady filed a complaint for declaratory judgment and motion for a temporary restraining order in the Cuyahoga County Court of Common Pleas, seeking a declaration of rights relating to a settlement agreement with McCaffrey and a restraining order to prevent McCaffrey from evicting Brady or listing or selling her residence. On May 19, 2004, the common pleas court dismissed Brady's declaratory-judgment action. On appeal, the court of

appeals affirmed the judgment of the common pleas court. *Brady v. McCaffrey,* Cuyahoga App. No. 84866, 2005-Ohio-1197, 2005 WL 628517.

{¶ 4} While Brady's appeal from the common pleas court's dismissal of her declaratory-judgment action was pending, McCaffrey filed a forcible-entry-and-detainer action against Brady in the Housing Division of the Cleveland Municipal Court.

{¶ 5} On November 8, 2004, Brady filed a complaint in the Court of Appeals for Cuyahoga County. Brady sought a writ of prohibition to prevent appellees, Judge Raymond L. Pianka and Magistrate David D. Roberts of the Cleveland Municipal Court, Housing Division, from proceeding in the forcible-entry-and-detainer action against Brady. Brady claimed that she was entitled to the writ based on the rule of jurisdictional priority. Judge Pianka and Magistrate Roberts moved to dismiss Brady's prohibition complaint. On February 1, 2005, the court of appeals granted appellees' motion and dismissed the complaint.

{¶ 6} In this appeal as of right, Brady asserts that the court of appeals erred in dismissing her prohibition claim. Dismissal was appropriate if, after presuming the truth of all material factual allegations of Brady's complaint and making all reasonable inferences in her favor, it appeared beyond doubt that she could prove no set of facts entitling her to the requested extraordinary relief in prohibition. *State ex rel. Buck v. Maloney,* 102 Ohio St.3d 250, 2004-Ohio-2590, 809 N.E.2d 20, ¶ 6.

{¶ 7} In order to be entitled to the requested writ of prohibition, Brady had to establish that (1) Judge Pianka and Magistrate Roberts were about to exercise judicial or quasi-judicial power, (2) the exercise of that power was unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *Tatman v. Fairfield Cty. Bd. of Elections,* 102 Ohio St.3d 425, 2004-Ohio-3701, 811 N.E.2d 1130, ¶ 14. It is uncontroverted that Judge Pianka and Magistrate Roberts are exercising judicial or quasi-judicial authority in the underlying forcible-entry-and-detainer action.

{¶ 8} Nevertheless, Judge Pianka and Magistrate Roberts assert that this case is moot because they have now exercised jurisdiction over the forcible-entry-and-detainer action by evicting Brady and ordering the sale of the house. But "a prohibition action is not necessarily rendered moot when the act sought to be prevented occurs before a court can rule on the prohibition claim." *State ex rel. Consumers' Counsel v. Pub. Util. Comm.,* 102 Ohio St.3d 301, 2004-Ohio-2894, 809 N.E.2d 1146, ¶ 11. " '[W]here an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction *and to correct the results of previous jurisdictionally unauthorized actions.*' " (Emphasis sic.) *State ex rel. Rogers v. McGee Brown* (1997), 80 Ohio St.3d 408, 410, 686 N.E.2d 1126, quoting *State ex*

*rel. Litty v. Leskovyansky* (1996), 77 Ohio St.3d 97, 98, 671 N.E.2d 236. Therefore, Brady's prohibition claim is not moot.

{¶ 9} Nevertheless, regarding the remaining requirements for a writ of prohibition, " '[i]n the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal.' " *State ex rel. United States Steel Corp. v. Zaleski*, 98 Ohio St.3d 395, 2003-Ohio-1630, 786 N.E.2d 39, ¶ 8, quoting *State ex rel. Nalls v. Russo*, 96 Ohio St.3d 410, 2002-Ohio-4907, 775 N.E.2d 522, ¶ 18.

{¶ 10} Judge Pianka and Magistrate Roberts did not patently and unambiguously lack jurisdiction over the forcible-entry-and-detainer case. R.C. 1901.18(A)(8) grants municipal courts original jurisdiction in "any action of forcible entry and detainer." And if a municipal court has a housing division, which the Cuyahoga County Municipal Court does, that "division has *exclusive jurisdiction* within the territory * * * in any civil action commenced pursuant to Chapter 1923 [forcible entry and detainer] * * * of the Revised Code." (Emphasis added.) R.C. 1901.181(A). We have held that under the pertinent statutes, "a municipal court's housing division has exclusive jurisdiction over forcible entry and detainer actions, * * * and the housing division has full power to render a complete determination of the rights of the parties." *State ex rel. J.K. & E. Auto Wrecking v. Trumbo* (1992), 64 Ohio St.3d 73, 591 N.E.2d 1238, syllabus.

{¶ 11} Because the housing division of the municipal court had *exclusive jurisdiction* to consider the merits of the forcible-entry-and-detainer action against Brady, Judge Pianka and Magistrate Roberts did not lack—much less *patently and unambiguously* lack—jurisdiction to proceed.

{¶ 12} Moreover, even assuming that the housing division's jurisdiction was not exclusive, Brady's reliance on the jurisdictional-priority rule to claim entitlement to the writ is misplaced. Under this rule, " '[a]s between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.' " *State ex rel. Racing Guild of Ohio v. Morgan* (1985), 17 Ohio St.3d 54, 56, 17 OBR 45, 476 N.E.2d 1060, quoting *State ex rel. Phillips v. Polcar* (1977), 50 Ohio St.2d 279, 4 O.O.3d 445, 364 N.E.2d 33, syllabus.

{¶ 13} "In general, the jurisdictional priority rule applies when the causes of action are the same in both cases, and if the first case does not involve the same cause of action or the same parties as the second case, the first case will not prevent the second." *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio St.3d 426, 429, 751 N.E.2d 472. A "forcible entry and detainer claim is not the same cause of action as [a] declaratory judgment claim." *State ex rel. Weiss v. Hoover*

(1999), 84 Ohio St.3d 530, 532, 705 N.E.2d 1227. "Application of the jurisdictional priority rule to bar a forcible entry and detainer action from proceeding based on a previously filed collateral proceeding bringing title to the same property into question is 'inequitable and inappropriate in a recovery of real property case.'" Id. at 532–533, 705 N.E.2d 1227, quoting *Cleveland v. A.J. Rose Mfg. Co.* (1993), 89 Ohio App.3d 267, 275, 624 N.E.2d 245. Consequently, Brady's previous declaratory-judgment action did not bar the forcible-entry-and-detainer action.

{¶ 14} Finally, Brady raises constitutional issues on appeal that she did not raise in the court of appeals, and thus she has waived them. *State ex rel. Chagrin Falls v. Geauga Cty. Bd. of Commrs.*, 96 Ohio St.3d 400, 2002-Ohio-4906, 775 N.E.2d 512, ¶ 15.

{¶ 15} Based on the foregoing, Judge Pianka and Magistrate Roberts properly exercised jurisdiction over the forcible-entry-and-detainer action, and Brady has an adequate remedy by way of appeal to raise any claim of error in those proceedings. Therefore, the court of appeals properly dismissed Brady's prohibition complaint because it appeared beyond doubt that she was not entitled to the writ.[1] Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———————

Catherine M. Brady, pro se.

Teresa M. Beasley, Cleveland Director of Law, and Joseph G. Hajjar, Assistant Director of Law, for appellees.

———————

1. We note that Brady has instituted several unsuccessful actions relating to her mother's estate. See, e.g., *In re Guardianship of Brady*, Cuyahoga App. Nos. 84517 and 84743, 2005-Ohio-287, 2005 WL 174773. *In re Guardianship of Brady*, Cuyahoga App. No. 83881, 2004-Ohio-5972, 2004 WL 2537048; *Brady v. Benzing*, Cuyahoga App. No. 81894, 2003-Ohio-3354, 2003 WL 21469584.