DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} Velvet Grable Meadows brought this quiet title action against Andrea Hicks, her equal co-owner of a parcel of commercial property, after unsuccessfully defending a partition action regarding the same property. Ms. Meadows has argued that she is the sole owner of the property and that money is owed to her based upon a 1978 cognovit note and mortgage deed issued by the previous owner of Ms. Hicks's interest to the previous owner of Ms. Meadows' interest. This Court affirms the trial court's rulings granting summary judgment to Ms. Hicks because Ms. Meadows' claims are barred by res judicata. Ms. *Page 2 
Meadows' claim that she became the owner of the 1978 cognovit note and mortgage deed when she purchased her undivided one-half interest in the property was a compulsory counterclaim that should have been brought against Ms. Hicks in the earlier partition action. The judgment of the Summit County Court of Common Pleas is affirmed.
 FACTS {¶ 2} In July 1978, Douglas Hicks and Constance Smart jointly purchased a piece of commercial property located on North Case Avenue in Akron. At that time, Mr. Hicks executed a $9000 cognovit installment note in favor of Ms. Smart. The note was to be due within three years and was secured by a mortgage deed on Mr. Hicks's one-half interest in the property. The warranty deed and mortgage deed memorializing these transactions were promptly recorded at the Summit County Recorder's Office.
 {¶ 3} In 1989, Mr. Hicks's wife, Andrea Hicks, inherited his undivided one-half interest in the property when he died. Nine years later, Ms. Smart sold her undivided one-half interest, conveying it by quitclaim deed to Velvet Grable Meadows. Ms. Smart died the following year. It is undisputed that, when litigation began, Ms. Hicks and Ms. Meadows were co-owners of record.
 {¶ 4} In 2000, Ms. Hicks sued Ms. Meadows and various corporate entities for partition, trespass, rents and profits, waste, and constructive eviction involving the North Case Avenue property. After a year and a half of litigation, *Page 3 
the parties argued at a bench trial before a magistrate. For the first time, Ms. Meadows alleged that Ms. Hicks had no interest in the property and, therefore, had no standing to bring a partition action. Ms. Meadows' argument was based on the fact that no discharge or satisfaction of the 1978 mortgage deed and cognovit note had ever been filed. Ms. Meadows reasoned that Ms. Smart's quitclaim deed had transferred all her legal title and interest in the property to Ms. Meadows, including a right to possession of the cognovit note and mortgage.
 {¶ 5} The magistrate ruled against Ms. Meadows, refusing to allow her to make the argument at trial. The magistrate determined that the argument was waived by Ms. Meadows' repeated admissions of equal co-ownership throughout the course of litigation. The trial court adopted that decision, highlighting Ms. Meadows' original answer, counterclaim, and answer to an amended complaint, none of which included the issue of the 1978 cognovit note and mortgage deed. The trial court agreed Ms. Meadows was properly barred from arguing this claim for the first time at trial and added that the proper procedure would have been for Ms. Meadows to file a counterclaim. The trial court overruled Ms. Meadows' objections and ordered the partition requested by Ms. Hicks. Ms. Meadows appealed.
 {¶ 6} This Court affirmed the trial court's decision. Hicks v.Meadows, 9th Dist. No. 21245, 2003-Ohio-1473, at ¶ 13. This Court noted that Ms. Meadows had not contested the fact that the property was titled in Ms. Hicks's name as well *Page 4 
as her own. She merely asserted that, as a holder of a valid cognovit note, she was entitled to be recognized as the sole owner. This Court held that, regardless of the note's validity, Ms. Meadows could not obtain judgment on the note without first filing a complaint or counterclaim to enforce it. Id. at ¶ 11. This Court also affirmed the trial court's decision to overrule Ms. Meadows' objection to the magistrate's denial of her oral motion to amend her pleadings at trial under Rule 15(A) of the Ohio Rules of Civil Procedure. Id. at ¶ 12.
 {¶ 7} In March 2005, Ms. Meadows sued Ms. Hicks in this action to quiet title to the same property. Ms. Meadows asserted that she was the sole owner of the property and that Ms. Hicks owed her money due to the fact that no satisfaction had ever been filed for the 1978 cognovit note Mr. Hicks had issued to Ms. Smart. These allegations were based on Ms. Meadows' claim that Ms. Smart's interest in the 1978 cognovit note and mortgage deed transferred to her when she purchased the property. Ms. Hicks moved for summary judgment based on res judicata. The trial court granted partial summary judgment on the issue of ownership of the property, based on the doctrines of res judicata and compulsory counterclaims. The trial court pointed out that the previous partition action had established that Ms. Meadows and Ms. Hicks were each owners of an undivided one-half interest in the property. Furthermore, the trial court determined that Ms. Meadows' claim that the cognovit note, if still outstanding, makes her the sole owner of the property was barred because that claim would have been a *Page 5 
compulsory counterclaim in the previous action for partition and she had failed to bring it in that action. The trial court, however, did not grant summary judgment, at that time, on the question of whether Ms. Meadows could recover damages in satisfaction of the cognovit note.
 {¶ 8} Prior to trial on that issue, the executor of the Estate of Constance Smart obtained authority from the Probate Division to execute a satisfaction of the 1978 cognovit note. The Probate Division granted the motion based on affidavits, submitted by Ms. Smart's son and heir, asserting that he had personal knowledge that the cognovit note had been timely paid and was fully satisfied in 1981. He asserted that, due to an oversight, the parties to the note had failed to record its satisfaction and discharge the mortgage deed after the note had been paid. The Probate Division granted the motion.
 {¶ 9} Ms. Hicks again moved for summary judgment in this quiet title action, based on the newly filed satisfaction of mortgage deed. The trial court granted summary judgment to Ms. Hicks because the Probate Court had determined that the cognovit note had been paid. The trial court ruled that it was "estopped from deciding issues that have already been decided by another Court." Ms. Meadows has appealed, arguing that the trial court incorrectly granted summary judgment as to ownership for three reasons: (1) transfer of the right of ownership of the cognovit note and mortgage deed did not require any actual assignment or physical transfer at the time of sale of the property, (2) the *Page 6 
ownership issue was not res judicata because the trial court did not have jurisdiction to rule on the issue of ownership in the partition action because it had not permitted litigation of that issue in that case, and (3) the trial court incorrectly determined that Ms. Meadows had failed to raise the issue as a compulsory counterclaim in the first suit. Regarding satisfaction of the cognovit note, Ms. Meadows has argued that: (1) the jurisdictional priority rule barred the Probate Court from reopening the Estate of Constance Smart for the purpose of issuing a satisfaction of mortgage under these circumstances, (2) the trial court incorrectly relied on the Probate Division order because Ms. Hicks had failed to supply admissible evidence that the note had been satisfied, and (3) the discharge was invalid because it failed to satisfy the statute of frauds.
 {¶ 10} This Court affirms the trial court's rulings granting summary judgment to Ms. Hicks because Ms. Meadows' claim that Ms. Smart's interest in the 1978 cognovit note and mortgage deed transferred to her when she purchased the property was a compulsory counterclaim that should have been brought against Ms. Hicks in the earlier partition action. Res judicata bars further litigation of that claim.
 OWNERSHIP OF THE PROPERTY {¶ 11} Ms. Meadows' first assignment of error is that the trial court incorrectly granted summary judgment on the issue of ownership of the property. Ms. Hicks initially moved for summary judgment based on res judicata, arguing *Page 7 
that Ms. Meadows' theory that the 1978 note and mortgage deed led to her sole ownership of the property was a compulsory counterclaim that should have been brought in the prior partition action. The trial court granted summary judgment on that basis, but only as to Ms. Meadows' claim of sole ownership of the property. In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co., 66 Ohio App. 3d 826, 829 (1990).
 {¶ 12} "All existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit pursuant to [Rule 13(A) of the Ohio Rules of Civil Procedure], no matter which party initiates the action." Rettig Enterprises Inc. v.Koehler, 68 Ohio St. 3d 274, 1994-Ohio-127, at syllabus, paragraph one. Rule 13(A) will bar any future effort to bring a claim if it is determined that it should have been brought as a compulsory counterclaim in an earlier suit. Id. at 277. A claim must be brought as a counterclaim if it (1) "exist[s] at the time of serving the pleading," and (2) "arise[s] out of the transaction or occurrence that is the subject matter of the opposing claim." Id. (quoting Geauga Truck Implement Co. v. Juskiewicz, 9 Ohio St. 3d 12, 14 (1984)). *Page 8 
 {¶ 13} Ms. Meadows' claim of sole ownership is based on a cognovit note and mortgage deed conveying Ms. Hicks's husband's undivided one-half interest in the property to Ms. Meadows' seller, Constance Smart, subject to the satisfaction, within three years, of the cognovit note for $9000. The documents were all executed and filed with the county recorder in 1978. Ms. Meadows argued that, since that time, these documents have been part of the public records at the Summit County Recorder's Office and that, as of the time Ms. Meadows filed her complaint in this quiet title action, no satisfaction had been filed. Ms. Meadows has argued that all rights in those documents retained by Ms. Smart in 1998, were transferred to her by quitclaim deed.
 {¶ 14} Ms. Meadows' claim that Ms. Smart's interest in the cognovit note and mortgage deed transferred to her when she purchased the property in 1998 existed in 2000 when Ms. Meadows was required to serve her responsive pleading in the partition case. See Geauga Truck Implement Co. v. Juskiewicz, 9 Ohio St. 3d 12, 15 (1984). The question then is whether this claim arose out of the same transaction or occurrence that was the subject of that earlier partition action.
 {¶ 15} The Ohio Supreme Court has used the "logical relation test" for deciding whether claims "arise out of the same transaction or occurrence" as required by Rule 13(A). Rettig, 68 Ohio St. 3d at 278. The test defines a compulsory counterclaim as one that "is logically related to the opposing party's claim" and would require considerable duplication of effort by both the parties and *Page 9 
the trial court if separate trials were permitted. Id. (quoting Staff Notes to Civ. R. 13 (1970)). The Ohio Supreme Court has emphasized the broad meaning and flexibility inherent in the "same transaction or occurrence" standard. Id. "`Transaction' is a word of flexible meaning" which may include "a series of many occurrences, depending . . . upon their logical relationship." Id. (quoting Moore v. New York CottonExch., 270 U.S. 593, 610 (1926)). The test does not require that the respective claims be "precisely identical," nor does it exclude counterclaims that "embrace[ ] additional allegations." Id. Opposing claims are compulsory counterclaims if they "involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties."Id. at 279 (quoting Great Lakes Rubber Corp. v. Herbert Cooper Co.,286 F.2d 631, 634 (3d Cir. 1961)).
 {¶ 16} A partition action requires a determination of ownership of the property to be partitioned. See Bryan v. Looker, 94 Ohio App. 3d 228,231 (1994). Therefore, both the partition action and the quiet title action directly involved the issue of ownership of the property on North Case Avenue. Both claims are "offshoots of the same basic controversy between the parties" regarding their rights and obligations as co-owners of that property. Rettig, 68 Ohio St. 3d at 279. Furthermore, separate trials for the partition and quiet title actions would involve considerable duplication of time and effort by the parties and the court. The cases involve the same parties disputing rights and obligations regarding *Page 10 
ownership of the same property. Therefore, Ms. Meadows' claim that Ms. Smart's interest in the 1978 cognovit note and mortgage deed transferred to her when she purchased Ms. Smart's interest in the property should have been brought as a compulsory counterclaim in the earlier partition action. Ms. Meadows' claim of sole ownership is now barred by res judicata due to her failure to present it as a counterclaim in the earlier partition action. See Forney v. Climbing Higher EnterprisesInc., 158 Ohio App. 3d 338, 2004-Ohio-4444, at ¶ 20 (citing DeNigris v.Walker, 9th Dist. No. 2971-M, 2000 WL 670666, at *3 (May 24, 2000);Quintus v. McClure, 41 Ohio App. 3d 402, 403-404 (1987)).
 {¶ 17} Ms. Meadows has argued that she attempted to bring this claim in the earlier partition action, but the magistrate refused to allow it. It is undisputed that Ms. Meadows did not then, and does not now, have a judgment in her favor on the 1978 cognovit note and mortgage deed. Without such a judgment, and without bringing a counterclaim, Ms. Meadows attempted, at trial, to use the note and mortgage deed to defend the partition action, arguing her opponent lacked standing to bring the suit based on those documents. In the partition case, over the course of a year and a half, Ms. Meadows filed an answer, a counterclaim, and an answer to an amended complaint, without ever asserting her theory of sole ownership based upon the 1978 documents. Due to Ms. Meadows' failure to follow the appropriate procedure for amendment of pleadings, the trial court adopted the magistrate's decision to refuse to allow her to present the theory for *Page 11 
the first time on the day of trial. That decision was affirmed on appeal. Hicks v. Meadows, 9th Dist. No. 21245, 2003-Ohio-1473, at ¶ 13. It cannot now be re-litigated.
 {¶ 18} Ms. Meadows has argued that the compulsory counterclaim rule does not apply to quiet title actions. In support of this proposition, she has cited Cleveland v. A. J. Rose Mfg. Co., 89 Ohio App. 3d 267
(1993), as well as the two cases cited in that opinion. Ms. Meadows has misunderstood the question the Eighth District Court of Appeals faced inCleveland. In that opinion, the Court quoted the Ohio Supreme Court on the topic of forcible entry and detainer actions, emphasizing that they "relate[ ] only to present possession and not title," therefore, a separate pending action relating to title of the same property would not constitute a bar to the eviction action. Id. at 275 (quoting State exrel. Carpenter v. Warren Mun. Court, 61 Ohio St. 2d 208, 209-210
(1980)). The Court reasoned that, if the opposite rule were adopted, tenants in danger of eviction could first file an injunction or quiet title action in order to stay future eviction proceedings and thereby "obviate the purpose of the eviction statutes." Id. The Court inCleveland was asked whether a claim for eviction was barred by a separate, pending action regarding title to the same property. Neither the Court in Cleveland, nor either of the cases cited in that case, addressed whether a quiet title action was barred by a prior suit. None of these cases stand for the proposition Ms. Meadows has suggested. Ms. Meadows has not brought an eviction claim. As title to the *Page 12 
property was directly at issue in both the earlier partition action and the current quiet title action, the rule announced in Cleveland does not apply.
 {¶ 19} Ms. Meadows' claim of sole ownership, based on her alleged interest in the 1978 cognovit note and mortgage deed, is barred by res judicata. Ms. Meadows' first assignment of error is overruled.
 SATISFACTION OF THE NOTE {¶ 20} Ms. Meadows' second assignment of error is that the trial court incorrectly granted summary judgment on the issue of satisfaction of the cognovit note and mortgage. This argument also relies on Ms. Meadows' assertion that she acquired Ms. Smart's interest in the 1978 cognovit note and mortgage deed through the 1998 quitclaim deed issued to her, and that the note and mortgage are still outstanding. After the executor of the Estate of Constance Smart obtained authority from the Probate Division of the Common Pleas Court to put on a satisfaction of the cognovit note and mortgage deed, Ms. Hicks again moved for summary judgment. The trial court granted the motion on the issue of satisfaction of the debt, reasoning that it was estopped from deciding an issue already determined by another court. When a trial court reaches a correct conclusion, even if it does so for incorrect reasons, its judgment must be affirmed. See, e.g., State v. Campbell,90 Ohio St. 3d 320, 329 (2000). Therefore, this Court affirms the trial court's decision, although for different reasons. *Page 13 
 {¶ 21} As discussed above, Ms. Meadows' claim of interest in the 1978 cognovit note and mortgage deed was a compulsory counterclaim that should have been filed in the earlier partition action Ms. Hicks brought against her. Regardless of whether Ms. Meadows seeks satisfaction of the debt or full ownership of the property, her argument relies on the same factual basis. Separate trials for the partition action and the quiet title action would require considerable duplication of effort by the parties and the trial court. Ms. Meadows' claim is an "offshoot[ ] of the same basic controversy between the parties." Rettig,68 Ohio St. 3d at 279 (quoting Great Lakes Rubber Corp. v. Herbert Cooper Co.,286 F.2d 631, 634 (3d Cir. 1961)). In both cases, the parties have disputed their rights and obligations as co-owners of the same parcel of property. Therefore, Ms. Meadows' claim that Ms. Smart's interest in the 1978 cognovit note and mortgage deed transferred to her when she purchased the property in 1998, and all implications regarding rights and obligations of the parties based on that claim, should have been brought as a compulsory counterclaim in the earlier partition action. Res judicata bars further litigation of Ms. Meadows' allegation that she succeeded to Ms. Smart's interest in the 1978 cognovit note and mortgage deed, regardless of the remedy sought. See Forney v. Climbing HigherEnterprises Inc., 158 Ohio App. 3d 338, 2004-Ohio-4444, at ¶ 20 (citingDeNigris v. Walker, 9th Dist. No. 2971-M, 2000 WL 670666, at *3 (May 24, 2000); Quintus v. McClure, 41 Ohio App. 3d 402, 403-404 (1987)). As further litigation "aris[ing] out of the same transaction or occurrence" is barred *Page 14 
by res judicata, the trial court correctly granted summary judgment to Ms. Hicks. See Rettig, 68 Ohio St. 3d at 278. Ms. Meadows' second assignment of error is overruled.
 CONCLUSION {¶ 22} This Court affirms the trial court's rulings granting summary judgment to Ms. Hicks because Ms. Meadows' claim that Ms. Smart's interest in the 1978 cognovit note and mortgage deed transferred to her when she purchased the property was a compulsory counterclaim that should have been brought against Ms. Hicks in the earlier partition action. Res judicata now bars further litigation of that claim. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). *Page 15 
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
MOORE, P. J.
BAIRD, J.
CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to § 6(C), Article IV, Constitution.) *Page 1