JOURNAL ENTRY and OPINION
Plaintiff Marcina Clark, the executrix of the estate of Bessie B. Robinson, brought this forcible entry and detainer action against defendant Arlene Reynolds, seeking to have her removed from premises owned by Bessie Robinson. Defendant asserted a right to remain on the premises by virtue of an agreement between her and Bessie Robinson to the effect that defendant had the right to live in the house so long as she lives. The housing court rejected the agreement, finding it had not been recorded. The sole assignment of error complains the court erred by failing to find defendant was in possession of the premises under color of title and therefore not subject to a forcible entry and detainer action.
R.C. 1923.02(A)(5) provides that a person is subject to a forcible entry and detainer action if such person is an occupier of lands or tenements, without color of title, and the complainant has the right of possession to them * * *. Hence, an action in forcible entry and detainer is one to determine a present right to possession. Haas v. Gerski (1963), 175 Ohio St. 327.
As the court noted, the dispositive question is whether defendant occupied the premises under color of title. Defendant claims color of title based on her agreement with Robinson. The written agreement states:
 I Bessie Robinson, being of sound mind have agreed that Arlene Reynolds will always have a place of residence at 13501 Caine Avenue, Cleveland Ohio (a down stairs dwelling) for as long as she lives. Miss Reynolds was there for me in my time of illness and was very dependable; in terms of taking care of me and my house hold. She has taken on the responsibility of live-in nurse and housekeeper as well as being a friend. So long as she lives she has a home here at 13501 Caine Avenue, Cleveland Ohio.
The agreement was signed by defendant and Bessie Robinson and dated August 2, 1995. Only one person is listed as a witness. The agreement is notarized, but the date of notarization is listed as July, 27, 1995 one week before the parties signed the agreement and therefore not contemporaneous with the signing. The agreement also bears a time-stamp showing it had been recorded on March 9, 2000.
When the court issued its February 25, 2000 entry overruling defendant's objections to the magistrate's decision, the agreement had not been recorded. Because the only issue before the court was the right to present possession of the premises, the court did not err by finding the agreement unrecorded at the time the court considered the issue. Without being recorded, the agreement could not constitute color of title sufficient to establish defendant's right to remain on the premises.
The parties may dispute whether Robinson granted defendant a life interest in the premises, but that issue was not one for the court in this forcible entry and detainer action. The record suggests the parties were currently litigating the life interest issue in the court of common pleas. This was no bar to the court's forcible entry and detainer determination `since the forcible entry and detainer action relates only to present possession and not title, the fact that another action is pending relating to the issue of title does not constitute a bar to the action in forcible [entry and] detainer.' State ex rel. Carpenter v. Warren Mun. Court (1980), 61 Ohio St.2d 208, 209-210, quoting Haas v. Gerski (1963), 175 Ohio St. 327, 330. The assigned error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J. LEO M. SPELLACY, J., CONCUR.
 __________________________ JOHN T. PATTON, JUDGE