OPINION
{¶ 1} The plaintiffs-appellants, Ted and Pam Bibler (hereinafter "Landlords"), appeal the January 25, 2005 Amended Judgment Entry of the Municipal Court of Findlay, Ohio.
 {¶ 2} The defendants-appellees, Bob and Wendy Nash (hereinafter "Tenants"), rented a residence from the Landlords located at 231 East Edgar Avenue, in Findlay, Hancock County, Ohio. The Tenants occupied the property for approximately six years. On or about July 5, 2003, the Tenants entered into a continuation of a prior rental agreement until they vacated the apartment in late July of 2004. The Tenants gave notice of their termination of the lease and did in fact leave the premises. In addition, the Tenants paid all rent due to the Landlords and the Landlords continued to hold the Tenants security deposit in the amount of $600.00.
 {¶ 3} On August 22, 2004, the Landlords forwarded to the Tenants an itemization of their security deposit showing physical damage to the property in the amount of $2,839.42, less the security deposit of $600.00, leaving the remaining damages in the amount of $2,239.42. The itemized alleged damages include the following:

 Yard care $45.00
 Carpet cleaning $132.00
 Carpet replacement $1,020.78
 Refrigerator $405.59
 Dishwasher and disposal $277.50
 Cleaning $283.55
 Outside trash removal $75.00
 Window replacement $300.00
 Bathroom door replacement $108.00
 Curtain rod $42.00
 Outstanding late fees $150.00
 _________
 $2,839.42

The Landlords requested a reply by September 10, 2004, in their letter of August 22, 2004. The Tenants failed to respond to the Landlords demand. Therefore, on September 24, 2004, the Landlords filed a compliant requesting $2,239.42 for damages the Landlords claimed to have suffered as a result of the Tenants' occupation of the property.
 {¶ 4} The Tenants filed an answer to the complaint on October 17, 2004, admitting the rental agreement between the parties and admitting damages owed for the carpet cleaning and outstanding late fees in the amount of $282.00, but denying the remainder of the damages and demanded the return of the remaining security deposit in the amount of $318.00. After the Tenants were served, there were numerous continuances and a pretrial between the parties prior to the matter being set for trial.
 {¶ 5} On January 24, 2005, a bench trial was held. The Landlords were represented by counsel and the Tenants proceeded pro se. At the beginning of the trial, the parties agreed to certain damages and accordingly, the court found that the carpets in the home required cleaning at the cost of $132.00; the Tenant's owed late fees over the course of the lease in the amount of $150.00.; and the interior door was damaged and needed to be replaced at a cost of $108.00. Furthermore, the Tenants agreed that there was damage to the utility room carpet because there was a hole in the carpet. There was no evidence of the age of the carpet or the quality or useful life of the old carpet; therefore, the trial court stated that the Landlords failed in its burden of proof of the value of the damaged carpet but agreed to award the Landlords sixty percent of its value as a result of a forty percent reduction pursuant to the reasonable wear and tear on the carpet. Thus, the value of the damaged carpet in the utility room was found to be $274.51.
 {¶ 6} The trial court also found the Tenants were responsible for some damage caused to the kitchen carpet. The Landlords claimed that there was a burn in the kitchen carpet; however, neither the Tenants nor their witnesses verified the burn. In addition, there were no pictures of the damage or evidence as to the age, quality or useful life of the kitchen carpet. Nevertheless, the trial court acknowledged that there was some damaged to the kitchen carpet and determined that the Tenants should be responsible for sixty percent of the kitchen carpets value as a result of a forty percent depreciation due to reasonable wear and tear that the Landlords should have expected. Therefore, the trial court found that the Tenants were responsible in the amount of $217.35 for the damage caused to the kitchen carpet.
 {¶ 7} However, the trial court determined that there were no problems with the carpeting in the upstairs bedroom and that there was not a bill indicating the amount spent on the carpet replacement. The Tenants did testify that the carpet in the hallway had been replaced during the tenancy by the Tenants but that the bedroom carpet was fairly new at the beginning of their tenancy and the Tenants believed the carpet to be in perfect condition at the end of the tenancy. The trial court determined that the Landlords failed in their burden of proof that there was damage to the bedroom carpet. Therefore, the trial court determined that the Tenants would not be responsible for the replacement of the bedroom carpet.
 {¶ 8} As to the other items, the trial court found that there was an unpaid water bill, from the Tenants' residency, in the amount of $155.99. The amount for the unpaid water bill or the actual existence of the water bill was not contested by the Tenants. In addition, the trial court found that the outside trash needed to be removed at the cost of $75.00. During a deposition, the Tenants admitted that there was some trash that did need to be removed from the premises that they left behind in the shed when they moved; therefore, the trial court found that it was necessary to hold the Tenants responsible for that expense. Furthermore, the trial court found that the Tenants were responsible in the amount of $42.00 for the replacement of the living room curtain rod assembly. The Tenants did replace the curtain and rod; however, the trial court held that the curtain and rod were not in the same condition as when they moved in. In conclusion, the Tenants were held to be responsible for the unpaid water bill, the outside trash removal, and the replacement of the living room curtain rod assembly.
 {¶ 9} The trial court awarded partial damages for general cleaning. The Landlords provided pictures of a dirty oven, dirty shelf, and a water streak on a wall along with a bill for $283.55. However, the bill did not specify the hourly rate, the time involved for the cleaning, or a breakdown of the cleaning that occurred. Therefore, the trial court awarded damages in the amount of $100.00 for cleaning the oven, shelf, and wall.
 {¶ 10} The trial court did not award damages for the replacement of the refrigerator or the dishwasher. As for the refrigerator, the trial court determined that it would not be fair or reasonable to expect the Tenants to buy the Landlords a new refrigerator to replace an old one of unknown age or quality. Similarly, the trial court determined that it would not be fair or reasonable to ask the Tenants to buy a new dishwasher for the Landlords when the Landlords should have replaced it while the Tenants resided in the home. The Tenants testified that they had made numerous phone calls to the Landlords informing them that the dishwasher did not work. The Landlords then testified that when tenants call them and they have a problem with something they will go over and fix it. Furthermore, the trial court acknowledged that there was no evidence establishing the age or the value of the dishwasher.
 {¶ 11} The trial court also did not award damages for the replacement of the window sill or yard care. With respect to the window sill, the trial court did not award damages for the window sill that the Landlords claimed was missing, because the relevant photograph did not show any damage other than the fact that the window may have been improperly installed. Therefore, the trial court determined that the Landlords failed in their burden of proof that the Tenants damaged the window. With respect to the yard care, the trial court determined that the Landlords did not meet their burden of proof on the issue of yard care. Specifically, on a review of the photographs, the trial court could not determine when the yard care actually took place. Therefore, the trial court determined that the Landlords could not be awarded damages with respect to either the yard care or the window sill.
 {¶ 12} Upon a complete review of the different claims, the trial court announced its decision from the bench, rendering judgment for the Landlords against the Tenants in the amount of $498.86, together with interest at the rate of five percent (5%) per annum. The actual damages were summarized as the following:
 Carpet cleaning $132.00
 Late fees $150.00
 Outside trash removal $75.00
 Water bill $155.99
 Utility carpet $274.51
 Kitchen carpet $217.35
 Interior door $108.00
 Curtain assembly $42.00
 Cleaning $100.00
 _________
 $1,254.85

By subtracting the security deposit of $600.00, the remaining damage amount is $654.84. However, the judgment entry filed on January 24, 2005, only ordered that the Tenants pay the Landlords the amount of $498.86 which did not include the water bill.
 {¶ 13} Therefore, on January 26, 2005, the trial court filed two judgment entries. The first judgment entry explained an additional award to the Landlords for a water bill that was unpaid by the Tenants. The second judgment was an amended judgment entry which granted judgment in the amount of $654.85, together with interest at the rate of five percent (5%) per annum.
 {¶ 14} On January 28, 2005, the Landlords filed a motion for findings by the court pursuant to Civ.R. 52. The trial court then filed its findings of fact and conclusion of law on February 2, 2005.
 {¶ 15} On February 28, 2005, the Landlords then filed their notice of appeal alleging two assignments of error. The assignments of error will be consolidated to ease the discussion of these two intertwined assignments of error.
 Assignments of Error THE COURT ERRED IN FAILING TO AWARD PLAINTIFFS-APPELLANTS DAMAGES THEYSUFFERED AS A RESULT OF DEFENDANT'S WASTE, AND AGAINST THE MANIFESTWEIGHT OF THE EVIDENCE.
 THE COURT ERRED IN FAILING TO AWARD PLAINTIFFS-APPELLANTS DAMAGES THEYSUFFERED AS A RESULT OF DEFENDANTS-APPELLEES FAILURE TO ABIDE BY THETERMS OF THEIR CONTRACTUAL LEASE.
 {¶ 16} The Landlords argue that the trial court's findings on the Landlord's claims of waste and failure to abide by the terms of their contractual lease were against the manifest weight of the evidence.
 {¶ 17} We note that when reviewing evidence presented at civil trial, an appellate court must not reweigh the evidence. In C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, the Ohio Supreme Court held that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." See also, Vogel v. Wells (1991), 57 Ohio St.3d 91,566 N.E.2d 154; Ross v. Ross (1980), 64 Ohio St.2d 203, 414 N.E.2d 426. An appellate court should not substitute its judgment for that of the trial court when there exists competent, credible evidence going to all the essential elements of the case. In Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276, the Court wrote: "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."
 {¶ 18} A landlord is not entitled to receive damages for repairs made to an apartment where the damages to the apartment resulted from reasonable wear and tear. Mentor Lagoons, Inc. v. Mayor (Mar. 1, 1985), Lake App. No. 10-180, Unreported. Furthermore, a tenant has a common law duty to return the leased premises in substantially as good a condition as when received, reasonable wear and tear excepted. Middendorf v. FuguaIndustries, Inc. (6 Cir. 1980), 623 F.2d 13; Gaff Estate Co. v. Grote
(1926), 22 Ohio App. 44, 153 N.E. 919; Coffman v. Huber (1965),13 Ohio Misc. 126, 232 N.E.2d 676. In addition, R.C. 5321.05 outlines the obligations of the tenant with respect to upkeep and maintenance of an apartment holding a tenant liable for extraordinary damages which are not the result of normal wear and tear.
 {¶ 19} The Landlord contests the trial court's specific findings as to the amount of damages awarded for the following items: the yard work; the replacement of the refrigerator; the replacement of the dishwasher and disposal; the carpeting in the kitchen, utility room and upstairs bedroom; the replacement of the windowsill; and the reduction in the cleaning bill. Upon review of the entire record, we are satisfied that the trial court applied the correct standard and that the record contains sufficient competent, credible evidence to support a finding that the trial court did not err in the amount awarded to the Landlords pursuant to the damages caused by the Tenants.
 {¶ 20} In the present case, the trial court specifically went through each individual item that the Landlords were claiming in their complaint with both the Tenants and the Landlords. In discussing each of these items the trial court considered the items with respect to the reasonable wear and tear standard. Once the trial court had received testimony from the Landlords and the Tenants on the Landlord's claims of damage, the trial court reevaluated each of the items and discussed the results for each claim. During this process, the trial court discussed whether the claim was classified as reasonable wear and tear or exceeded the reasonable wear and tear standard in which case the Tenants would be responsible for the excessive damage. After a thorough discussion of the claims at the end of the trial by the court a judgment was rendered to the Landlords. Then the Landlords requested the trial court to state in writing its conclusion of fact found separately from the conclusions of law. The Findings of Fact and Conclusions of Law was filed on February 2, 2005 describing each of the Landlord's claims in detail. The trial court discussed the reasoning for the outcome on each of the items that were in dispute between the Landlords and the Tenants, including the age, quality, useful life, reasonable or fair expectation of the Tenants to pay and the Landlords failure to meet their burden of proof.
 {¶ 21} There being some competent, credible evidence going to all the essential elements of the case we cannot say that any part of the trial court's judgment is against the manifest weight of the evidence. C.E.Morris v. Foley Constr. Co. (1978), 54 Ohio St.2d 279. Therefore, we overrule the Landlord's first and second assignments of error and affirm the judgment of the trial court.
Judgment Affirmed.
 Cupp, P.J. and Rogers, J., concur.