THE STATE, EX REL. PHILLIPS, ET AL., *v.* POLCAR, JUDGE, ET AL.

[Cite as State, ex rel. Phillips, v. Polcar (1976),
51 Ohio App. 2d 97.]

(No. 36240—Decided July 1, 1976.)

*Messrs. McDonnell & Sweeney,* for relators.
*Mr. Paul Mancino, Jr.,* for respondents.

JACKSON, J. On March 24, 1976, the relators filed a complaint for a writ of prohibition. In that complaint it was alleged that there was pending in the Parma Municipal Court an action identified as 75-CV-E-1600 which was between the same parties and which raised the same issues as case number 934,349 of the Cuyahoga County Court of Common Pleas. Further, it was alleged that the action pending in the Court of Common Pleas was commenced on

October 11, 1974, while the claim in the Parma Municipal Court was not filed until August 26, 1975. Relators contend that under these facts the Parma Municipal Court lacks jurisdiction and that, consequently, this court should grant a writ of prohibition to prevent that court from seeking to exercise jurisdiction.

On April 7, 1976, the respondent moved for a dismissal upon the grounds that even if the facts alleged in the complaint were taken as true, it failed to state a claim under which a writ of prohibition could be granted. On April 12, 1976, this court conducted a hearing upon the issues, with counsel for both parties present. It was determined that the matter would be submitted to the court upon the briefs. On April 30, 1976, relators filed their brief in opposition to respondent's motion to dismiss and on May 14, 1976, the time within which respondents were to have filed a reply brief expired.

It is not disputed that the Court of Common Pleas obtained jurisdiction of the claim raised by both proceedings *prior* to the time the claim was filed in the Parma Municipal Court. Nor is it disputed that under such circumstances the Parma Municipal Court was without jurisdiction to hear the claim over which the Court of Common Pleas had previously obtained jurisdiction. *E. g., State, ex rel. Gelman,* v. *Common Pleas Court* (1961), 172 Ohio St. 70; *State, ex rel. Miller,* v. *Court of Common Pleas of Lake County* (1949), 151 Ohio St. 397; *Weenink & Sons* v. *Court of Common Pleas* (1948), 150 Ohio St. 349; *Miller* v. *Court of Common Pleas of Cuyahoga County* (1944), 143 Ohio St. 68. The only question before us is whether relators may obtain relief by a writ of prohibition, or whether they must wait until such time as the Parma Municipal Court has rendered a final judgment and seek relief by means of direct appeal.

In *Miller* v. *Court of Common Pleas of Cuyahoga County, supra,* at 70, the Ohio Supreme Court adopted as a substantial portion of its opinion the following statement from Ohio Jurisprudence:

"It is a fundamental rule that, as between courts of concurrent and coextensive jurisdiction, the one whose

power is first invoked by the institution of proper proceedings and the service of the required process acquires the right to adjudicate upon the whole issue and to settle the rights of the parties to the exclusion of all other tribunals.''

Because of its acceptance of that proposition of law, the Supreme Court in *Miller* granted a writ of prohibition to prevent one domestic relations court from hearing the cause when another court of concurrent jurisdiction had previously obtained jurisdiction. This decision was followed in *Weenink & Sons* v. *Court of Common Pleas, supra,* involving two separate actions with respect to a concession contract, and *State, ex rel. Gelman,* v. *Common Pleas Court, supra,* involving actions for divorce that were filed in two separate courts. In both instances, writs of prohibition were allowed and in *Gelman, supra,* at 71-72, the court unequivocally stated:

''The remedy of prohibition is available to restrain a court from exercising jurisdiction where an identical cause of action between the same parties has previously been lodged in another court of concurrent jurisdiction. *Miller* v. *Court of Common Pleas of Cuyahoga County,* 143 Ohio St. 68; *John Weenink & Sons Co.* v. *Court of Common Pleas of Cuyahoga County, supra.*''

We have given careful consideration to the cases relied upon by the respondent[1] and conclude that they are not applicable to the case at bar.[2] But even if it were assumed,

---

[1]*Transairco* v. *Common Pleas Court* (1976), 45 Ohio St. 2d 27; *State, ex rel. Gilla,* v. *Fellerhoff* (1975), 44 Ohio St. 2d 86; *State, ex rel. Gonzales,* v. *Patton* (1975), 42 Ohio St. 2d 386; *State, ex rel. Gilligan,* v. *Hoddinott* (1973), 36 Ohio St. 2d 127; and *State, ex rel. Miller,* v. *Court of Common Pleas of Lake County* (1949), 151 Ohio St. 397.

[2]In *Transairco, supra,* the Supreme Court affirmed the decision of the Court of Appeals in dismissing the complaint for prohibition on the grounds that the relator had failed to allege that the trial court was exceeding its jurisdiction. In the case at bar such an allegation is made.

In both *Fellerhoff, supra,* and *Gonzales, supra,* there was but a single court involved and the question was whether the court, in each instance, had *subject matter jurisdiction.* In the case at bar it is agreed that there is no dispute as to subject matter jurisdiction and, indeed, that both courts have subject matter jurisdiction.

*State, ex rel. Miller,* v. *Court of Common Pleas of Lake County,*

*arguendo,* that those cases were pertinent to the resolution of the issues presently before this court, we would still be bound by *State, ex rel. Gelman,* v. *Common Pleas Court, supra,* which is the Supreme Court's most recent pronouncement upon the exact question before us.

Accordingly, we find that there is merit in relators' complaint and hereby grant the permanent writ of prohibition.

*Writ granted.*

CORRIGAN and KRENZLER, JJ., concur.

*supra,* is the only case on point. But the Supreme Court distinguished it from its prior decision in *Miller* v. *Court of Common Pleas* (143 Ohio St. 68), *supra,* by stating at 403:

"The case of *Miller* v. *Court of Common Pleas of Cuyahoga County,* 143 Ohio St. 68, 54 N. E. (2d) 130, cited by relatrix, is distinguished from the instant case in that in that case there was no claim made that the alleged prior action in another court was not in fact prior, and no question as to character of remedy was raised."

It should be noted that it was the Cuyahoga County *Miller* case which was followed by the Supreme Court in *Weenik & Sons* and *State, ex rel. Gelman.*

Finally, with respect to *State, ex rel. Gilligan,* v. *Hoddinott, supra,* we note that in spite of the general proposition for which it was cited, the Supreme Court allowed the writ of prohibition in that csae. Indeed, a careful examination of *Gilligan* would suggest that it supports the position of the relators and not the respondent.