STRATTON ET AL., APPELLEES, *v.*
ROBEY ET AL., APPELLANTS.

(No. 80AP-254—Decided September 4, 1980.)

*Mr. Ray J. King,* for appellees.
*Messrs. Barrett & Barrett* and *Mr. Walter S. Barrett, Jr.,* for appellants.

STRAUSBAUGH, P. J. This is an appeal by defendants from a judgment in the Franklin County Municipal Court overruling defendants' objections to the report of the referee, accepting the referee's report, and granting judgment to plaintiffs for restitution of the premises.

The record indicates that, on October 25, 1979, plaintiffs filed their petition in forcible entry and detainer in the Franklin County Municipal Court based upon a land contract entered into between the parties on November 3, 1977. On February 6, 1980, the referee made the following findings of fact and conclusions of law:

*"FINDINGS OF FACT*

"1. Defendants are in possession of the premises known as 3264 Waggoner Road, Blacklick, Ohio as per the terms of a Land Contract dated and executed in November, 1977.

"2. On August 24, 1979, plaintiffs filed a complaint in the

Franklin County Common Pleas Court (Case No. 79CV-08-4171) requesting forfeiture of defendants' rights in the aforementioned real estate.

"3. On November 16, 1979, Franklin County Common Pleas Court Judge Paul W. Martin signed an order requiring defendants to pay $1200.00 into Court and an additional $200.00 per month during the pendency of that action, which defendants have done.

"4. Plaintiffs had a proper 3-day notice served on defendants on October 18, 1979 (by stipulation).

"5. This action, which was filed October 25, 1979, was properly filed and this Court does have jurisdiction to hear this complaint which relates to present possession and not title to the real estate hereinbefore referred to.

"6. On June 30, 1979, defendants mailed a $200.00 check to plaintiffs which was returned to defendants on July 3, 1979.

"7. On July 6th, defendants mailed a check for the June payment as it was only for $200.00 which was returned by plaintiffs.

"8. Defendants made no further tender of payments on their land contract and were in default of the land contract when the 3-day notice to vacate the premises was served.

"9. Plaintiffs presented no proof of default in the real estate taxes.

"CONCLUSIONS OF LAW

"The referee finds that this court has jurisdiction in this case as it relates only to present possession of the real estate and not to title. The mere fact that another action is pending in the Franklin County Common Pleas Court as to title is not a bar to this action in forcible entry and detainer.

"The referee further finds that plaintiffs have proven the allegations set forth in their complaint by a preponderance of the evidence.

"REFEREE RECOMMENDS:

"Complaint be sustained. Judgment for plaintiffs for restitution of the premises and costs."

Following the filing of objections to the report of the referee by defendants, the trial court accepted the report of the referee and granted judgment to plaintiffs for restitution of the premises and costs; and, on March 27, 1980, the court

overruled defendants' motion for a new trial, from which this appeal is taken.

Defendants present the following three assignments of error:

"1. The trial court erred in overruling defendants' motion to dismiss on the ground that the court had no jurisdiction over the cause of action.

"2. The trial court erred in not stating in writing its separate findings of fact and conclusions of law upon which it based its decision filed March 7, 1980, granting restitution.

"3. The judgment of the trial court is not sustained by the evidence and is against the manifest weight of evidence."

Defendants' first assignment of error is well taken. R. C. 5313.08, effective November 25, 1969 (see 133 Ohio Laws 429-430), provides:

"If the contract has been in effect for less than five years, in addition to any other remedies provided by law and after the expiration of the periods prescribed by sections 5313.05 and 5313.06 of the Revised Code, if the vendee is still in default of any payment the vendor may bring an action for forfeiture of the vendee's rights in the land installment contract and for restitution of his property under sections 1923.01 to 1923.14, inclusive, of the Revised Code. The court may also grant any other claim arising out of the contract."

The Supreme Court in *Miller* v. *Court of Common Pleas* (1944), 143 Ohio St. 68, 70, held:

"' * * * It is a fundamental rule that, as between courts of concurrent and coextensive jurisdiction, the one whose power is first invoked by the institution of proper proceedings and the service of the required process acquires the right to adjudicate upon the whole issue and to settle the rights of the parties to the exclusion of all other tribunals. * * *' "

Again, in *State, ex rel. Phillips,* v. *Polcar* (1977), 50 Ohio St. 2d 279, the Supreme Court restated the same rule in its holding. When the plaintiffs filed their complaint in the Court of Common Pleas demanding forfeiture of the land contract on August 24, 1979, they vested the Court of Common Pleas with exclusive jurisdiction over the entire subject matter. Therefore, the Franklin County Municipal Court, under R. C. 5313.08 and the law as set forth by the Supreme Court, could

acquire no jurisdiction over the subject matter. Defendants' first assignment of error is sustained.

Based upon our ruling upon the first assignment of error, defendants' second and third assignments of error are moot and are therefore overruled. The judgment of the Franklin County Municipal Court is reversed and the cause remanded for further proceedings in accordance with law and this decision.

*Judgment reversed and*
*cause remanded.*

McCORMAC and COLE, JJ., concur.

COLE, J., of the Third Appellate District, sitting by designation in the Tenth Appellate District.