[Cite as *Portage Roofing, Inc. v. Mike Coates Constr. Co., Inc.*, 2017-Ohio-7559.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| PORTAGE ROOFING, INC. | ) | |
| | ) | |
| Plaintiff-Appellant | ) | |
| | ) | |
| vs. | ) | CASE NO. 15 MA 0175 |
| | ) | |
| | ) | OPINION |
| MIKE COATES CONSTRUCTION CO., | ) | AND |
| INC., ET AL. | ) | JUDGMENT ENTRY |
| | ) | |
| Defendants-Appellees | ) | |

CHARACTER OF PROCEEDINGS:      Motion to Certify a Conflict

JUDGMENT:      Denied

APPEARANCES:
For Portage Roofing, Inc.          Attorney Dean Hoover
- Appellant                        Hudson Station
                                   Suite 3
                                   5 Atterbury Blvd.
                                   Hudson, Ohio 44236


For Mike Coates Construction Co.,   Attorney Richard Goddard
Inc., Et. Al. - Appellees           Calfee, Halter & Griswold LLP
                                    The Calfee Building
                                    1405 East Sixth Street
                                    Cleveland, OH 44114


JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb


Dated: September 7, 2017

PER CURIAM.

{¶1} On June 29, 2017, Portage Roofing, Inc., Plaintiff-Appellant, filed a motion requesting that we certify a conflict to the Ohio Supreme Court between this Court's June 21, 2017, judgment in the instant case, *Portage Roofing, Inc. v. Coates Construction, Inc.*, 7th Dist. No. 15 MA 0175, 2017–Ohio–5710, and the following cases from the Eighth and Tenth Districts: *State ex. Rel. Phillips v. Polcar,* 51 Ohio App.2d 97, 367 N.E.2d 61 (8th Dist.1976); *Stratton v. Robey,* 70 Ohio App.2d 4, 433 N.E.2d 938 (10th Dist.1980); *Glidden Co. v. HM Holdings, Inc.,* 109 Ohio App.3d 721, 672 N.E.2d 1106 (8th Dist.1996), *Tri-State Group, Inc. v. Metcalf & Eddy of Ohio, Inc.,* 8th Dist. No. 92660*,* 2009-Ohio-3902. Coates Construction, Inc., Defendants-Appellees, filed a memorandum in opposition.

{¶2} A court of appeals shall certify a conflict when its judgment is in conflict with the judgment pronounced upon the same question by any other court of appeals in the state of Ohio. Section 3(B)(4), Article V, Ohio Constitution. In order to certify a conflict to the Ohio Supreme Court, we must find that three conditions are met:

> First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law - not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596, 1993-Ohio-223, 613 N.E.2d 1032.

{¶3} Portage has set forth the following issue which it contends requires certification to the Ohio Supreme Court:

> Does the jurisdictional priority rule require a party to file later contract claims in the same court as claims under the same contract were first filed?

**{¶4}** Portage has not met the standard for conflict certification because the certified question is not applicable to this case. This Court specifically held that the jurisdictional priority rule was not applicable to the present matter as different claims were being litigated in Summit and Mahoning Counties. *Portage*, supra, ¶ 13. Three of the four cases cited by Portage involved the same or substantially similar causes of action and identical parties thus necessitating application of the jurisdictional priority rule. *State ex. Rel. Phillips*, *supra*, 99; *Stratton*, *supra*, 6; and *Tri-State Group, Inc.*, *supra*, ¶ 12-15.

**{¶5}** In the remaining case, *Glidden Co. v. HM Holdings, Inc.*,  109 Ohio App.3d 721, 672 N.E.2d 1106 (8th Dist.1996), Portage asserts that the Eighth District applied the jurisdictional priority rule "to claims in different courts related to the same contract." This is inaccurate. Glidden involved a declaratory judgment action that was dismissed in an Ohio court because the same claim had previously been filed and was pending in a New York court. The Eight District noted that the jurisdictional priority rule was not applicable because the courts were in different states. However, the Court looked to the jurisdictional priority rule for guidance as it expressed "important policy designed to preserve judicial resources and prevent duplicative or piecemeal litigation." *Glidden Co.*, 725.

**{¶6}** We decline to certify a conflict between the present matter and the cases cited by Portage as those cited cases involved the same or substantially similar causes of action and identical parties. The present matter involved different claims being litigated in Summit County and Mahoning County. As such, this involves a conflict upon facts, not a rule of law and inappropriate for conflict certification.

**{¶7}** Portage's motion to certify a conflict is denied.

DeGenaro, J., concurs.

Donofrio, J., concurs.

Robb, P. J., concurs.