MARY J. BOYLE, J.:
{¶ 1} On November 30, 2017, the relator, Tri Eagle Fuels, Inc. commenced this prohibition action against the respondent, East Cleveland Municipal Court Judge William Dawson, to prevent the judge from adjudicating the underlying case, Euclid Lake Properties, L.L.C. v. Tri Eagle Fuels, L.L.C., East Cleveland M.C. No. 17CVG 0100, a forcible entry and detainer action. Tri Eagle argues that the jurisdictional-priority rule prevents the respondent judge from adjudicating the underlying case. This court issued an alternative writ prohibiting the respondent from adjudicating *307 the case until further order from this court and to show cause why a permanent writ of prohibition should not issue.[1] This court also allowed the landlords, Euclid Lake Properties, L.L.C. and Giant Petroleum, Inc. to intervene. Tri Eagle has moved for summary judgment, the respondent has filed his brief in opposition, the intervenors have filed their brief in opposition, and the relator has filed a reply brief. This court has reviewed the filings, the briefs, and the evidence submitted, and concludes that this matter is ripe for adjudication. For the following reasons, this court denies the relator's motion for summary judgment, denies the application for a writ of prohibition, and dissolves the alternative writs.
{¶ 2} As gleaned from the filings and the attachments, in late July 2015, Tri Eagle entered into a contract with Giant Petroleum to purchase the assets, including a liquor permit, for a gas station and convenience store at 12436 Euclid Avenue, in East Cleveland, Ohio. On the same day, Tri Eagle entered into a 15-year lease of 12436 Euclid Avenue with the landlord, Euclid Lake Properties L.L.C./Giant Petroleum, Inc. In the summer of 2017, disputes arose between the parties concerning the condition of the rented premises. Giant Petroleum asserted that Tri Eagle was not maintaining the premises, e.g., leaks in the roof, high grass and growing shrubs, holes in the asphalt, and trash around the premises. Additionally, there had been "an incident" in August 2017, that had damaged the building, and Giant Petroleum had considered the repairs as insufficient and leaving the premises in a dangerous condition. The landlord demanded that Tri Eagle "fix" the premises; if the problems were not fixed, then Tri Eagle would be in default of the lease. In response, Tri Eagle maintained that it has fulfilled its duties under the lease keeping the premises in the same condition as when it had entered into possession; many of the complained problems were preexisting. Additionally, the landlords were not paying the property taxes.
{¶ 3} Unsatisfied with this response, on October 4, 2017, Euclid Lake Properties, L.L.C./Giant Petroleum, Inc., declared Tri Eagle to be in default of the lease and issued the three-day notice to vacate. On October 6, 2017, Tri Eagle commenced Tri Eagle Fuels, L.L.C. v. Euclid Lake Properties L.L.C. & Giant Petroleum, Inc., Cuyahoga C.P. No. CV-17-887038, and alleged claims for breach of contract for improperly claiming defaults and not paying the property taxes, anticipatory breach of contract, promissory estoppel, tortious interference with business relations, and breach of the assets purchase contract. Service was completed on October 11, 2017. On the next day, October 12, 2017, the landlords commenced the underlying case. On October 31, 2017, in the common pleas case, the landlords filed their answer and counterclaims for breach of contract, ejectment, declaratory judgment that the lease is terminated, and "negligence with willful and wanton misconduct."
{¶ 4} Tri Eagle then commenced this prohibition action arguing that the jurisdictional-priority rule deprives the respondent judge of the jurisdiction to adjudicate the underlying case.
{¶ 5} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial *308 power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel. Largent v. Fisher , 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v. McCabe , 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." State ex rel. Sparto v. Juvenile Court of Darke Cty., 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas , 137 Ohio St. 273, 28 N.E.2d 641 (1940) ; and Reiss v. Columbus Mun. Court , 76 Ohio Law Abs. 141, 145 N.E.2d 447 (10th Dist. 1956). Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel. Tilford v. Crush , 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988) ; and State ex rel. Csank v. Jaffe , 107 Ohio App.3d 387, 668 N.E.2d 996 (8th Dist. 1995). However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via an appeal from the court's holding that it has jurisdiction. State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas , 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997). Moreover, this court has discretion in issuing the writ of prohibition. State ex rel. Gilligan v. Hoddinott , 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).
{¶ 6} Similarly, the principles of the jurisdictional-priority rule are also well established. This rule provides that "[a]s between [state] courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all tribunals, to adjudicate upon the whole issue and to settle the rights of the parties." State ex rel. Dannaher v. Crawford , 78 Ohio St.3d 391, 393, 678 N.E.2d 549 (1997) ; quoting State ex rel. Racing Guild of Ohio v. Morgan, 17 Ohio St.3d 54, 56, 476 N.E.2d 1060 (1985) ; and State ex rel. Phillips v. Polcar , 50 Ohio St.2d 279, 364 N.E.2d 33 (1977), syllabus. Furthermore, "it is a condition of the operation of the state jurisdictional priority rule that the claims or causes of action be the same in both cases, and '[i]f the second case is not for the same cause of action, nor between the same parties, the former suit will not prevent the latter.' " Crawford at 393, 678 N.E.2d 549, quoting State ex rel. Sellers v. Gerken , 72 Ohio St.3d 115, 117, 647 N.E.2d 807 (1995) and State ex rel. Judson v. Spahr , 33 Ohio St.3d 111, 113, 515 N.E.2d 911 (1987).
{¶ 7} Nonetheless, the rule may apply even if the causes of action and requested relief are not identical. Sellers and State ex rel. Otten v. Henderson , 129 Ohio St.3d 453, 2011-Ohio-4082, 953 N.E.2d 809. That is, if the claims in both cases are such that each of the actions comprise part of the "whole issue" that is within the exclusive jurisdiction of the court whose power is legally first invoked, the jurisdictional-priority rule may be applicable. The determination of whether the two cases involve the "whole issue" or matter requires a two-step analysis: "First, there must be cases pending in two different courts of concurrent jurisdiction involving *309 substantially the same parties. Second, the ruling of the court subsequently acquiring jurisdiction may affect or interfere with the resolution of the issues before the court where suit was originally commenced." Michaels Bldg. Co. v. Cardinal Fed. S. & L. Bank, 54 Ohio App.3d 180, 183, 561 N.E.2d 1015 (8th Dist. 1988) ; and Tri-State Group, Inc. v. Metcalf & Eddy of Ohio, Inc. , 8th Dist. Cuyahoga No. 92660, 2009-Ohio-3902, 2009 WL 2403571.
{¶ 8} Tri Eagle argues that its common pleas case was commenced first when service was made the day before the forcible entry and detainer action was filed. The suits are between the same parties. The ejectment claim and the forcible entry and detainer claim are nearly identical, and the resolution of the forcible entry and detainer action would necessarily impinge on the resolution of the common pleas case. Both suits are part of the whole issue. Therefore, Tri Eagle concludes that the jurisdictional-priority rule deprives the respondent judge of jurisdiction to adjudicate the forcible entry and detainer action.
{¶ 9} Aside from cases stating the principles of the jurisdictional-priority rule, Tri Eagle relies upon Stratton v. Robey , 70 Ohio App.2d 4, 433 N.E.2d 938 (10th Dist. 1980). In that case, the parties had entered into a land contract in 1977. Two years later the seller filed a complaint in Franklin County Common Pleas Court requesting forfeiture of defendant's rights in the land. Subsequently, the seller commenced a forcible entry and detainer action in Franklin County Municipal Court and obtained an eviction. On appeal, the Tenth District reversed, ruling that the initial action brought pursuant to R.C. 5313.08 deprived the municipal court of jurisdiction under the jurisdictional priority rule. Ashtabula Cty. Airport Auth. v. Rich , 11th Dist. Ashtabula No. 2013-A-0069, 2014-Ohio-4288, 2014 WL 4824938, also supports Tri Eagle's position. In that case, Rich leased hangar space from the Airport Authority. When the Authority threatened to evict Rich for not abiding by the terms of the lease - using his own electric generator to open and close the hangar doors instead of the Authority's supplied electrical power - Rich sued the Authority in common pleas court for, inter alia, breach of contract, breach of good faith, declaratory judgment, interference with contract, and fraud. Subsequently, the Authority brought a forcible entry and detainer claim in Ashtabula county court, which granted Rich's motion to dismiss for lack of jurisdiction. On appeal, the Eleventh District affirmed the holding that because the common pleas court first obtained jurisdiction over the whole issue, the jurisdictional-priority rule deprived the county court of jurisdiction to hear the eviction action.
{¶ 10} In response, the judge states that he has subject matter, personal, and territorial jurisdiction of the forcible entry and detainer action and is ready to fairly adjudicate the case. The landlords argue that the common pleas case and the forcible entry and detainer case are so distinct that the jurisdictional-priority rule is not applicable and that Tri Eagle also did not perfect service before the commencement of the municipal court case.
{¶ 11} This court notes that pursuant to R.C. 1923.01 and 1901.18(A)(8), the respondent judge has basic statutory jurisdiction over the forcible entry and detainer action. Moreover, because of the unique nature of a forcible entry and detainer action, substantial authority holds that the jurisdictional-priority rule does not necessarily apply to eviction actions. In State ex rel. Weiss v. Hoover, 84 Ohio St.3d 530, 705 N.E.2d 1227 (1999), the landlord of commercial property indicated to the lessee that the failure to pay additional rents rendered the lessee in default. The lessee *310 filed an action for declaratory judgment for its right to continued use of the property before the landlord brought his forcible entry and detainer action in municipal court. When the municipal court judge transferred the forcible entry and detainer action to the common pleas court, the landlord commenced a procedendo action against the municipal court judge to compel the judge to adjudicate the forcible entry and detainer action. In granting the writ of procedendo, the Supreme Court of Ohio ruled that the jurisdictional-priority rule did not justify staying the forcible entry and detainer action because the claims in the two lawsuits were different.
{¶ 12} The Supreme Court again granted a writ of procedendo to compel a municipal court to adjudicate a forcible entry and detainer action despite a previously filed quiet title action based on fraud in State ex rel. Carpenter v. Warren Municipal Court, 61 Ohio St.2d 208, 400 N.E.2d 391 (1980). Similarly, in State ex rel. Brady v. Pianka , 106 Ohio St.3d 147, 2005-Ohio-4105, 832 N.E.2d 1202, ¶ 13, the Supreme Court declined to use the jurisdictional-priority rule to stop a forcible entry and detainer action, because it was not the same cause of action as a declaratory judgment claim.
{¶ 13} In Haas v. Gerski , 175 Ohio St. 327, 194 N.E.2d 765 (1963), the Supreme Court of Ohio again stated that "[s]ince the forcible entry and detainer action relates only to present possession and not title, the fact that another action is pending relating to the issue of title does not constitute a bar to the action in forcible detainer."
{¶ 14} This court has declined to issue a writ of prohibition based on the jurisdictional-priority rule to stop a forcible entry and detainer action, because it was not clear that the municipal court patently and unambiguously lacked jurisdiction to proceed with the eviction action. State ex rel. Charron-Krofta v. Corrigan, 8th Dist. Cuyahoga No. 69434, 1995 WL 603157 (Oct. 12, 1995). Charron-Krofta had entered into a five-year lease for a liquor establishment. When disputes arose, Charron-Krofta sought a declaration as to the terms and conditions of the lease, the reinstatement of the lease, and money damages. The landlord then commenced a forcible entry and detainer action in Cleveland Municipal Court. When that court issued the eviction, Charron-Krofta brought the prohibition action to prevent her eviction. This court reasoned that because it was not certain that the common pleas claims were identical or sufficiently similar so as to involve the whole issue, the municipal court had sufficient jurisdiction to determine its own jurisdiction, precluding prohibition.
{¶ 15} This court in Cleveland v. A.J. Rose Mfg. Co., 89 Ohio App.3d 267, 624 N.E.2d 245 (8th Dist. 1993), followed Haas and Carpenter . In that case, the tenant had already been evicted, but the subtenants, who remained in the premises, brought an injunction action in common pleas court to prevent Cleveland from evicting them. Subsequently, Cleveland brought a forcible entry and detainer action against the subtenants in Cleveland Municipal Court and won. On appeal, this court rejected the subtenants' jurisdictional-priority argument, because pursuant to Haas and Carpenter the common pleas injunction action could not work to stay the forcible entry and detainer proceedings in municipal court.
{¶ 16} In Smith v. Simon , 11th Dist. Ashtabula Nos. 2000-A-0084 and 2000-A-0090, 2001-Ohio-8744, 2001 WL 1560924, Smith entered into a contract to sell Simon a bar with payments over several years, as well as a management agreement that allowed Simon to run the bar and keep the *311 profits. In September 1999, Smith sued Simon in common pleas court for breach of contract. Then in April 2000, Smith commenced a forcible entry and detainer action in municipal court. When a settlement failed, Smith brought a second forcible entry and detainer action in municipal court. The municipal court judge consolidated the two cases and granted possession to Smith. On appeal, the Eleventh District rejected a jurisdictional-priority rule argument. "If a title dispute in common pleas court does not bar a forcible entry and detainer action [referring to Weiss, 84 Ohio St.3d 530, 705 N.E.2d 1227 ], a contract dispute involving real property likewise does not bar a forcible entry and detainer action." Id. at 5.
{¶ 17} This court concludes that the jurisdictional-priority rule does not patently and unambiguously deprive the respondent judge of jurisdiction and that he has sufficient jurisdiction to determine his own jurisdiction. If the previously filed claims for quiet title, declaratory judgment, injunction, and breach of contract in Weiss, Carpenter, Haas, Rose, Smith, and Charron-Krofta did not invoke the jurisdictional-priority rule, then Tri Eagle's claims for breach of contract, promissory estoppel, and tortious interference would not necessarily invoke it. Nor does the subsequent addition of the ejectment claim in the common pleas court case demand the application of the jurisdictional-priority rule. Ejectment is not identical to forcible entry and detainer. It is governed by R.C. 5303.03, does not require the three-day notice, and is not a summary proceeding. Moreover, its addition to the common pleas case after the commencement of the forcible entry and detainer action puts the case into a more peculiar procedural posture for purposes of the jurisdictional-priority rule and provides further reason to allow the respondent judge to determine his own jurisdiction. In this sense, the present case is analogous to the peculiar procedural posture in State ex rel. Consortium for Economic & Community Development for Hough Ward 7 v. McMonagle, 8th Dist. Cuyahoga, 2016-Ohio-4704, 68 N.E.3d 125, in which this court ruled that because the respondent judge had basic statutory jurisdiction any uncertainty concerning the jurisdictional-priority rule, the commencement of the cases, the similarity of the claims, and the effect or interference of one case upon the other vested the respondent judge with sufficient jurisdiction to determine his own jurisdiction.
{¶ 18} Robey and Rich do not require a different result. Both of those cases were decided on appeal and show that Tri Eagle has an adequate remedy at law for its jurisdictional argument on appeal, if necessary.
{¶ 19} Accordingly, this court denies the application for a writ of prohibition. Relator to pay costs. This court directs the clerk of courts to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).
{¶ 20} Writ denied.
EILEEN A. GALLAGHER, A.J., and FRANK D. CELEBREZZE, JR., J., CONCUR

To prevent the parties from doing indirectly what the court had prohibited them from doing directly, the court also issued an alternative writ prohibiting the respondent from adjudicating another forcible entry and detainer action, Najjar v. Tri Eagle Fuels, Inc., East Cleveland M.C. No. 18CVG 00151.